Mr Justice Story,
after stating the facts of the case, delivered the opinion cf the Court. .
The points principally relied on at the argument are, in the first place, that the party is not liable .to be arrested to answer the indictment, after having given a recognizance of bail; *710 although the recognizance has been forfeited, and the party has not appeared and answered, and been tried on the indlament : in the next place, that the discharge upon the habeas corpus before Mr Chief Justice Cranch, is a bar to any subsequent arrest.
We are of opinion that neither of these grounds can, in point of law, be maintained; A recognizance of bail, in a criminal case, is taken to secure the due attendance of the party accused, to answer th.e indictment, and to submit to a trial, and the judgment of the court thereon; It is not designed as a satisfaction for the offence, when it is forfeited and paid; but as a means of compelling the party to submit to the trial and punishment, which the la\v ordains for his offence. And, a fortiori, it cannot be deemed to apply to a case like the present, of a penitentiary offence; for that would be to suppose that the law allowed the party to purge away the offence, and the corporeal punishment, by a pecuniary compensation. There is nothing, in our opinion, in the Maryland statute of 1780, ch. 10, to charge this construction of the law.
The other ground is also unmaintainable. A discharge of ■ a party under a writ of habeas corpus from the process under which he is imprisoned, discharges him from any further confinement under the process; but not under any other process, which may be issued against him under the same indictment.
For these reasons we are of opinion that the party is rightfully in custody under the bench warrant of the circuit court; and therefore, that the petition for the writ of habeas corpus ought to be denied.
The rule, therefore, to show cause is discharged; and the motion for the habeas corpqs is overruled.