34 U.S. 704
 9 Pet. 704
 9 L.Ed. 280
 EX PARTE GEORGE MILBURN.
 January Term, 1835
 
 A RULE to show cause why a habeas corpus should not be awarded to bring up the body of George Milburn, in confinement in the jail of the county of Washington in the District of Columbia.(a)
 (a) When the petition in this case was presented to the court, a habeas corpus was asked to be issued, and it was proposed to argue the question of the right of the petitioner to his discharge, on the return of the habeas corpus.
 Mr Chief Justice MARSHALL said: As the jurisdiction of the supreme court is appellate, it must first be shown that the court has the power in this case to award a habeas corpus.
 
 
 1
 A rule was granted to show cause why a habeas corpus should not be issued.
 
 
 2
 The case, as stated in the opinion of the court, was as follows:
 
 
 3
 'This is an application to the court by petition for a writ of habeas corpus to bring up the body of George Milburn, now imprisoned in the jail of Washington county in the District of Columbia, upon a bench warrant issued against him by the circuit court of this district, to arrest him to answer to an indictment now pending in the same court against him for keeping a faro bank, an offence which, by the act of congress of the 2d of March 1831, ch. 37, is punishable by imprisonment and labour in the penitentiary of the district. The main grounds for the application (for it is not necessary to go into the minute facts) are, that the party was arrested on a former capias issued on the same indictment; upon which he gave a recognizance of bail with sureties in the sum of 100 pounds Maryland currency, (266 dollars 67 cents) according to the statute of Maryland, passed in October 1780, ch. 10 (which is in force in this district), conditioned to appear in court on the return day of the process, to attend the court from day to day, and not to depart therefrom without leave of the court. At the return day he did not appear, and the recognizance was forfeited, and a scire facias issued against him and his sureties, returnable to November 1833. At the same term, another writ of capias on the indictment was issued against him, returnable immediate, which was returned non est inventus. Afterwards, in June 1834, in vacation, another writ of capias was issued by the district attorney upon the same indictment, returnable to November term 1834, upon which the party was arrested, and from which, upon a writ of habeas corpus, he was discharged by Mr Chief Justice Cranch, of the circuit court, upon the ground that the writ of capias improperly issued. The marshal having returned this matter specially to the circuit court, at the November term 1834; upon motion of the district attorney, the present bench warrant was issued by order of the majority of the court, and upon which the party is now in custody.'
 
 
 4
 The case was argued by Mr Brent and Mr Jones, for the relator; and by Mr Key, district attorney, contra.
 
 
 5
 Mr Brent stated, that two points presented themselves for the consideration of the court.
 
 
 6
 First. Whether the bench warrant, under which the relator is in confinement, is legal.
 
 
 7
 Second. Whether the case had not, previously to the issuing of the bench warrant been finally adjudged by a competent tribunal.
 
 
 8
 The attention of the court is requested to the fact, that the process is not an alias, but appears as an original proceeding. It is in the same term with the first process; and is entirely novel in its character, in the courts of the United States, and of England. An 'alias' always issues after the return of the first writ, as having been inoperative.
 
 
 9
 This is not sanctioned by law or practice. 4 Chitty's Crim. Law 213 to 217, 224, 225; 4 Burn's Justice 48, 49. In Dalton on the Duties of Sheriff, it is laid down, that in criminal cases, where an indictment is found, the practice is to issue a capias, then an alias and a pluries writ. If this is the law, the writ in this case was illegal; and did not authorize the marshal to take the relator; and his imprisonment is illegal.
 
 
 10
 There is another objection to the issuing of the writ. When it issued there was no such suit in court. The United States had, by their own act, discontinued the case. 4 Burn's Justice 42.
 
 
 11
 The principle established by this court in the case Ex parte Watkins, 7 Peters 568, that no one can be twice arrested for the same cause, entirely protects the defendant from imprisonment, after his discharge by Mr Chief Justice Cranch. No other writ, not an alias, can be issued, after that discharge. 1 Tidd's Practice 196; 4 Burr. 2502; 3 East 309; 7 Peters 568.
 
 
 12
 In the case before the court, the record shows that a capias issued on the indictment against Milburn; that he was taken by virtue of it, and he was thus in the custody of the law before the circuit court. He was afterwards, by the judgment of the chief justice of the court, the case being regularly before him, discharged. The United States had their remedy upon the recognizance given by him and his sureties; and the case, as to all other matters, was out of court, and at an end.
 
 
 13
 Under the law of Maryland of 1780, ch. 10, when a defendant is in custody for an offence, found by an indictment, less than felony, the sheriff must take bail in less than 100 pounds. The capias is returned with the recognizance; and if he does not appear, the recognisance is prosecuted to judgment. Although the keeping a faro table is punishable by imprisonment in the penitentiary, yet it is not a felony. The relator, having done all the law required, on the original capias; he could not be required to do more.
 
 
 14
 After the most diligent search into precedents, and a reference by the chief justice of the circuit court to the most distinguished members of the bar of Maryland, no case has been found, where the principle has been asserted and maintained, which is claimed by the United States. If the law was otherwise, a case would have been found to maintain it. The law of Maryland requires, that the recognizance shall be sued out. It says nothing about further proceedings against the defendant, who has suffered the recognizance to be forfeited. It is different in the case of felony.
 
 
 15
 Within forty-four years not an instance has occurred in the courts of Maryland, where an alias capias has issued in a case less than felony. All the counsel at the bar of Maryland appear to have considered, that under the act of 1780, every thing that could be done, on the neglect of the person charged with a misdemeanour to attend, was to forfeit the recognizance, and sue it out. The opinion of Mr Chief Justice Cranch, who has been familiar with the law and practice of Maryland for forth years, and who is the chief justice of the circuit court, delivered in this case, is referred to, and it will be found to sustain these positions.
 
 
 16
 The last reason why relief should be given to the relator is, that the discharge by Judge Cranch, the chief justice of the circuit court, during vacation, is a res judicata, between the United States and the prisoner. Under the act of congress organizing the courts of the District of Columbia, the chief justice in vacation acts as, and has all the powers of a circuit court. The act of congress gives him the power to award a habeas corpus; and his discharge of a prisoner brought before him is a bar to another arrest, in the same manner as if it had been given by the circuit court during its cession.
 
 
 17
 Mr Key, for the United States. It is not, by the practice of the courts of Maryland required that a capias, returned 'non est,' shall be followed by an alias capias. It is the course of proceeding to adopt any practice to bring in a defendant. Original writs of capias are issued, after others have not produced an arrest. There is no necessity for any other form of proceeding, as, under the law of Maryland, there is no such thing as 'outlawry.'
 
 
 18
 Mr Justice STORY stated that, as he understood the counsel for the relator, it is contended that wherever there has been an arrest for a misdemeanour, and a recognizance entered into by the person charged, and the party has forfeited it, he can never be again prosecuted for the offence.
 
 
 19
 Mr Justice THOMPSON. Is it possible that the law of Maryland considers, that where there has been a forfeiture of a recognizance in a case less than felony, it is in the nature of a penalty paid for the offence?
 
 
 20
 Mr Key. This is the doctrine claimed by the relator.
 
 
 21
 Mr Brent read the act of assembly of Maryland, before cited.
 
 
 22
 Mr Jones, for the relator.
 
 
 23
 The court is referred to the opinion delivered by Mr Chief Justice Cranch, for the local laws of Maryland; under which proceedings on criminal cases are conducted in the county of Washington. In that opinion the court will also find a statement of the practice in such cases. They are as claimed by the relator.
 
 
 24
 This case rests on the highest principles known in the administration of justice, that no one is to be twice pounished for the same offence. In England, when there is a second arrest, the recognizance is always released. No case has been found, except where there has been an escape, where, if a bail bond, or a recognizance has been given, you may take again. The exception in the case of escape shows that, in general, there is no such right.
 
 
 25
 The arrest in this case is not only irregular, but it is a contempt of the law. The party who has been twice arrested, was in actual custody at the time of the second arrest. He was under bail, and bail, by the authorities, is nothing more than 'a living prison,' in which the party is kept; there is therefore no reason why an authority should be produced, to show the present imprisonment illegal, the defendant being in the custody of his bail under the first recognizance, although it has been forfeited. The first recognizance should be remitted, or he will be twice punished.
 
 
 26
 What is the difference between a civil and a criminal action, when the defendant has been admitted to bail. A civil suit for the same cause of action, cannot be instituted after bail given, unless after discontinuance of the prior suit, and a discharge of the bail. This action on the bail bond, must be against all the parties who have become bail, unless under special circumstances. Saunders on Pleading 187; 13 Johns. Rep. 424.
 
 
 27
 In Virginia the practice is different by a special statute, but, according to the common law, the default of appearance is an inseparable bar to another action on the original case. If there is no statutory provision to the contrary, the operation of bail in both cases will be the same. When you admit to bail, eo nomine, you admit all the consequences of bail. 2 Chitty's Rep. 109; Highmore on Bail 200. A scire facias issues alike in criminal as in civil cases. The legislature of Maryland, in fixing the amount of bail to be taken after arrest for a misdemeanour, have taken an average of the sums to be required in all such cases. They have considered the justice of the state as satisfied by the amount so fixed. In England, there is a wider discretion; but in Maryland, it may be less, but cannot be greater than 100 pounds.
 
 
 28
 This court, in a review of all the authorities cited, will be satisfied that wherever there has been a suit on a forfeited recognizance, a second arrest cannot take place without a discontinuance of the suit. This has not been done in the case now before the court. The contrary practice comes within the rule, that no one shall be twice punished for the same criminal action.
 
 
 29
 Mr Justice STORY, after stating the facts of the case, delivered the opinion of the Court.
 
 
 30
 The points principally relied on at the argument are, in the first place, that the party is not liable to be arrested to answer the indictment, after having given a recognizance of bail; although the recognizance has been forfeited, and the party has not appeared and answered, and been tried on the indictment: in the next place, that the discharge upon the habeas corpus before Mr Chief Justice Cranch, is a bar to any subsequent arrest.
 
 
 31
 We are of opinion that neither of these grounds can, in point of law, be maintained. A recognizance of bail, in a criminal case, is taken to secure the due attendance of the party accused, to answer the indictment, and to submit to a trial, and the judgment of the court thereon. It is not designed as a satisfaction for the offence, when it is forfeited and paid; but as a means of compelling the party to submit to the trial and punishment, which the law ordains for his offence. And, a fortiori, it cannot be deemed to apply to a case like the present, of a penitentiary offence; for that would be to suppose that the law allowed the party to purge away the offence, and the corporeal punishment, by a pecuniary compensation. There is nothing, in our opinion in the Maryland statute of 1780, ch. 10, to charge this construction of the law.
 
 
 32
 The other ground is also unmaintainable. A discharge of a party under a writ of habeas corpus from the process under which he is imprisoned, discharges him from any further confinement under the process; but not under any other process, which may be issued against him under the same indictment.
 
 
 33
 For these reasons we are of opinion that the party is rightfully in custody under the bench warrant of the circuit court; and therefore, that the petition for the writ of habeas corpus ought to be denied.
 
 
 34
 The rule, therefore, to show cause is discharged; and the motion for the habeas corpus is overruled.