## SMITH v. JOHNSTON, Warden, and four other cases.

Circuit Court of Appeals, Ninth Circuit.
Jan. 15, 1940.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

Application has been filed in each of the above entitled cases for an order authorizing the prosecution of an appeal in forma pauperis from an order of the District Court denying relief upon a petition for writ of habeas corpus filed therein by the petitioner.

In each case the petitioner is in custody because of a conviction for a violation of a statute of the United States. Hence, the provisions of 28 U.S.C.A. § 466 requiring a certificate of probable cause in an appeal where the petitioner is in custody for a violation of a state law are not applicable.

The right to proceed in forma pauperis is regulated by statute. 28 U.S.C.A. § 832. In view of the number of applications made in this circuit for writs of habeas corpus based upon an alleged violation of the 6th amendment to the federal Constitution, U.S.C.A., guaranteeing a defendant the right to have the assistance of counsel in a criminal prosecution, and the recent decision of the Supreme Court interpreting that amendment (Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461), and particularly in view of the newly adopted rules of civil procedure applicable in the United States District Courts promulgated by the Supreme Court under authority of Congress (28 U.S.C.A. following section 723c), effective September 16, 1938, it is desirable to indicate more clearly the proper practice in applying for leave to proceed in forma pauperis in such matters.

The new rules are expressly made applicable to appeals in habeas corpus proceedings. Rule 81 (a) (2). Prior to the adoption of the new rules it was customary to apply either to the District Court of the United States or to the United States Circuit Court of Appeals for leave to proceed on appeal in forma pauperis from a final order in a habeas corpus proceeding. Preferably, the application was made to the District Court of the United States. Formerly, inasmuch as the petition for leave to appeal might have been presented either to a Judge of the District Court of the United States from which the appeal was to be taken, or to a Judge of the United States Circuit Court of Appeals (28 U.S.C.A. § 867; 28 U.S.C.A. § 228), the petition for leave to appeal in forma pauperis might very well accompany, or be incorporated in, a petition for leave to appeal, as was usually done. If granted by either court, the papers were filed. Under the new rules, however, the appeal is not taken by filing a petition asking leave to appeal, but "by filing with the district court a notice of appeal". Rule 73, supra. The law requires payment of a fee of $5 to the Clerk of the District Court for filing such notice. 28 U.S.C.A. § 553;[1] 43 Stat. 856, 857, ch. 204, § 6. The Clerk of the District Court is therefore justified in refusing to file the notice of appeal until his fee has been paid, or until an order of court, permitting the appellant to proceed in forma pauperis, is made. The statute (28 U.S.C.A. § 832, supra) contemplates that leave to proceed in forma pauperis should be denied to any applicant therefor unless there is a showing by the applicant of merit in the appeal he desires to prosecute or defend. This interpretation of the statute has been uniform throughout its existence. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Brinkley v. Louisville & N. R. Co., C.C., 95 F. 345; Whittle v. St. Louis & S. F. Ry. Co., C.C., 104 F. 286; Johnson v. Nickoloff, 9 Cir., 52 F.2d 1074; In re Bruning, 9 Cir., 68 F.2d 728; Boggan v. Provident Life & Accident Insurance Co., 5 Cir., 79 F.2d 721; De Groot v. United States, 9 Cir., 88 F.2d 624. Furthermore, the statute provides in effect that leave to proceed in forma pauperis on an

---

[1] "§ 553. Same; on filing petition or application for habeas corpus, or appeal from deportation order. Upon the filing of any petition or application for a writ of habeas corpus, or appeal from a deportation order of a United States commissioner, there shall be charged and collected by the clerk, from the petitioner or applicant, as full payment for all services performed or to be performed by him in said proceeding, the sum of $5. If an appeal is prosecuted from the order of the district court in said proceeding, then and in that event the additional sum of $5, as provided in section 551 of this title, shall be charged and collected by the clerk."

appeal or writ of error cannot be given where the trial court certifies in writing "that in the opinion of the court such appeal or writ of error is not taken in good faith". In re Wragg, 5 Cir., 95 F.2d 252, certiorari denied, 305 U.S. 596, 59 S.Ct. 80, 83 L.Ed. 377; Stanley v. Swope, 9 Cir., 99 F.2d 308; Brown v. Johnston, 9 Cir., 99 F.2d 760. Such a certificate, if made, would appropriately be made at the time the trial court passes upon the application for leave to appeal in forma pauperis.

■■ If the payment to the Clerk of the District Court of the $5 fee for filing the notice of appeal is to be avoided, the application to proceed in forma pauperis on the appeal should be filed with the Clerk of the District Court and the Court's order upon the application procured, prior to the filing of the notice. We construe 28 U.S.C.A. § 832 with § 549 as not requiring a fee for filing the application. Cf. Hall v. Johnston, D.C., 30 F.Supp. 102, filed in the Northern District of California, Southern Division, January 13, 1940.

■ The proper procedure here is for the pauper promptly to cause to be delivered to the judge of the court who heard the matter or, in his absence, some other judge of the court, if there be such judge, the application for leave to proceed in forma pauperis with the accompanying affidavit in order that any delay of the court in granting the application may not prevent such pauper from the timely filing of his notice of appeal. The Clerk should promptly call the Court's attention to the application. Furthermore, the application in the first instance should be made to the District Court to enable that court with its full and immediate knowledge of the facts to determine whether the appeal has been taken in good faith and to consider whether or not it should make a certificate that the appeal is not taken in good faith.

■ Since by the terms of the statute (28 U.S.C.A. § 832) it is obvious that the pauper's application is to be entertained by a court prior to the institution of the suit or proceeding in which he seeks to be freed of costs and fees, it follows that the circuit court of appeals, in which court the payment of costs and fees otherwise would be required on appeal, also has the power to entertain the application prior to the filing of the notice of appeal in the District Court. Failure of action by the District Court on the application there made within a reasonable time then warrants its entertainment by the Circuit Court of Appeals.

■ If the appeal has been perfected by filing notice and paying costs in the District Court without such an application, and the appellant be a pauper seeking to continue its prosecution, the Circuit Court of Appeals can entertain the application in the first instance, but the petitioner for leave to proceed in forma pauperis should show that the District Court has been given an opportunity to certify as to the petitioner's good faith in taking the appeal.

■ We hold, then, that application to proceed in forma pauperis on appeal must be made in the first instance to the United States District Court which court should certify in the order granting or denying the application whether there is merit in the appeal and whether or not the appeal is taken in good faith. If denied for any reason other than a lack of good faith, application can then be made to the Circuit Court of Appeals. However, in such a case, the petitioner should allege that he has applied to the District Court for leave to proceed on appeal in forma pauperis and that the District Court has denied the application and has not certified that the appeal is not taken in good faith.

Clint Smith, Appellant and Petitioner, v. James A. Johnston, etc., Appellee and Respondent.

■ This application for leave to appeal in forma pauperis does not show that an appeal has been taken. It is alleged that the petitioner desires to appeal "from an order of the above court denying his petition for writ of habeas corpus and his motion and right of appeal". It is not shown that an application for leave to proceed in forma pauperis has been made to the trial court. If application to proceed in forma pauperis has been made in the trial court and denied by the court, and for that reason the notice of appeal has not been filed, the application should show these facts and should also show that the lower court has not certified that the appeal is not taken in good faith.

■ Petitioner accompanies his application for leave to proceed in forma pauperis with a petition for writ of certiorari to review the action of the lower court in the denial of his petition for writ of habeas corpus and his motion and right of appeal. Certiorari is not the proper

method to review a decision of the District Court in habeas corpus. Ex parte Demaurez, 9 Cir., 106 F.2d 457. There is no merit in the application.

The application for leave to proceed in forma pauperis is denied.

Arthur S. Cherrington, Appellant and Petitioner, v. James A. Johnston, Warden, Alcatraz Penitentiary, Appellee and Respondent.

Application for leave to proceed in forma pauperis. Petitioner confuses the writ of habeas corpus and the writ of certiorari, but his affidavit "prays that he be permitted to take his appeal and so prosecute the same, without the payment of court costs and filing fees, and without the printing of the transcript of records or brief."

For the reasons above stated this application should be made to the trial court.

The application is denied.

George M. Fisher, Appellant, v. James A. Johnston, Warden, U. S. Prison, Alcatraz, Calif., Appellee.

Petitioner has addressed to this court a verified document praying the Court to order up the entire record of his petition 23085-W of the District Court of the United States, Northern District of California, Southern Division, and to "thereupon, augmented by this appeal, reverse the decision of the aforesaid court and order the writ of habeas corpus to issue thereon, as provided by law".

■ The petition states that "upon denial I did serve notice of appeal on the District Court of the United States, Northern District of California, Southern Division, and they did on September 15th, 1939, deny appeal certifying such brought in bad faith; * * *." This certificate precludes the allowance of an application for leave to proceed in forma pauperis. 28 U.S.C.A. § 832, and cases cited supra.

Application denied.

Weldon Forbes Jorgenson, Petitioner, v. E. B. Swope, Warden, United States Penitentiary, McNeil Island, Washington, Respondent.

The petitioner has addressed an application to "the Senior Judge of the United States Circuit Court of Appeals". He alleges that he was indicted and plead guilty to an offense under 18 U.S.C.A. § 408 and was sentenced to a term of three years imprisonment by the United States District Court for the Northern District of California, Southern Division. He alleges that thereafter, and while serving that sentence, he was indicted and plead guilty to a charge of "escape" and was sentenced to two years for this offense by the United States District Court for the District of Idaho. He claims that the first sentence of three years was void because he did not waive his right "to aid and assistance of counsel" and that the sentence of two years was invalid because his imprisonment under the first offense was illegal and void. He alleges that he made application to the United States District Court for a writ of habeas corpus which was denied. He prays that the United States Circuit Court of Appeals issue a writ of habeas corpus.

■ Considered as an application to the Circuit Court of Appeals it is denied because the court has power to issue writs of habeas corpus only in aid of its appellate jurisdiction. De Maurez v. Swope, 9 Cir., 100 F.2d 530.

Attached to the above mentioned petition is an affidavit evidently intended as an application for leave to proceed on appeal in forma pauperis. As pointed out in the above discussion, the application for such relief should first be made to the District Court.

Application denied.

Robert Lee Pringle, Petitioner, v. James A. Johnston, Warden, United States Penitentiary, Alcatraz, California, Respondent.

It is not shown in appellant's petition that application has been made to the District Court for leave to appeal in forma pauperis, or that notice of appeal has been filed. Nor is it shown whether or not the District Court has certified that the appeal is not taken in good faith. It does show that the District Court denied a petition for allowance of appeal. As stated above, such allowance is not now necessary. Rules of Civil Procedure, No. 73, supra.

Application denied.