**WATERMAN v. McMILLAN et al.**

No. 8360.

United States Court of Appeals for the District of Columbia.

Decided March 25, 1943.

Before MILLER, VINSON, and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellant asks leave to prosecute her appeal in forma pauperis. The applicable statute[1] provides that any citizen, upon filing the prescribed affidavit of poverty and of the merits of his appeal, "may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or a writ of error or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, *unless the trial court shall certify in writing that in the opinion of the court such appeal * * * is not taken in good faith,* without being required to prepay fees or costs * * *." [Italics supplied.] The petition, and its accompanying affidavit, in the present case, fail to show whether the District Court did or did not certify its opinion that the appeal was not taken in good faith. No showing is made, either, as to whether the matter was presented to the court or considered by it.

This court has not yet interpreted the statute or outlined the procedure to be followed under the statute. However, the matter has been carefully considered in

---

[1] Act of July 20, 1892, 27 Stat. 252, as amended 36 Stat. 866 (1910), 42 Stat. 666 (1922), 28 U.S.C.A. § 832.

808

other circuits[2] and by the Supreme Court.[3] The purpose of the statute is that the application to proceed in forma pauperis, accompanied by the affidavit, should promptly be made to the District Court, in the first instance, to enable that court, with its full and immediate knowledge of the facts, to determine whether the appeal has been taken in good faith, and if it reaches a contrary conclusion, to make its certificate accordingly. The Clerk of the District Court should promptly call the application to the Court's attention in order that no delay shall result which will prevent the timely filing of the notice of appeal.[4] If the District Court does certify to a lack of good faith in the prosecution of an appeal, the certification must be given effect, at least to the extent of being accepted by this court as controlling, in the absence of some showing that the certificate was made without warrant, or was itself not made in good faith.[5]

█ If the District Court fails to act within a reasonable time, or if it denies the application to proceed in forma pauperis, and fails to certify that the appeal is not taken in good faith, then an application to proceed in forma pauperis may be made directly to this court. In any event, the applicant must show that the District Court has been given an opportunity to certify upon the question of good faith, and the action, if any, which it took.[6] It is obvious that if anything less were required it would be possible for an applicant, by failing to give such opportunity, or by disregarding an adverse certificate of the District Court, to circumvent the requirement of the statute, and perhaps to defeat its salutary purpose.

█ In view of the fact that this court has not heretofore outlined the procedure to be followed in such cases, and if the fact is that no application was made by appellant in the District Court to proceed in forma pauperis on this appeal, leave will be granted to her to file such an application within ten days hereof.

The present petition will therefore be denied without prejudice.

[2] Smith v. Johnston, 9 Cir., 109 F.2d 152; In re Wragg, 5 Cir., 95 F.2d 252.
[3] Wells v. United States, 63 S.Ct. 582, 87 L.Ed. ——, decided March 1, 1943.

[4] Smith v. Johnston, 9 Cir., 109 F.2d 152, 155.
[5] See note 3 supra.
[6] See note 4 supra.