McMILLAN et al. v. TAYLOR et al.

SAME v. McMILLAN et al.

McMILLAN v. TAYLOR et al.

SAME v. CURRAN.

No. 9254; Misc. Nos. 93, 102, 104.

United States Court of Appeals
District of Columbia.

July 31, 1946.

See also 160 F.2d 221.

Mr. Vergil D. McMillan, pro se.

Messrs. Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Assistant Corporation Counsel, and Stanley De-Neale, Assistant Corporation Counsel, all of Washington, D. C., for appellee District of Columbia. Messrs. Edward M. Curran, United States Attorney, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., for appellee Edward M. Curran. Mr. Francis W. Taylor, pro se.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

In case No. 9254 above, the District of Columbia moves to dismiss an appeal from the District Court in Civil Action No. 32497, and appellant requests the appointment of counsel. The other three matters are petitions for leave to prosecute appeals in forma pauperis. Misc. No. 93 (filed May 21, 1945) relates to Civil Action No. 17442 filed in the District Court October 13, 1942, by the present petitioner against his former wife for the custody of four minor children. Misc. No. 102 relates to Civil Action 31684 filed in the District Court November, 1945 by petitioner against Taylor (his former wife's attorney) and others for damages. Misc. No. 104 relates to Civil Action 32497 brought by petitioner as "next friend and father" of two minor children against Taylor and others, including the District of Columbia and the United States Attorney, for relief from persecution and for damages. There have been certain other petitions, pleadings, appeals, motions, letters and activity, all of which will sufficiently appear below. The motion of the District

of Columbia to dismiss in No. 9254 grows out of Civil Action No. 32,497 referred to above.

The background facts are as follows:

Petitioner, Vergil D. McMillan, married Mary McMillan in 1926. There are four minor children of this marriage. In 1941 McMillan, his wife and children were living in the District of Columbia. Mrs. McMillan left and went to Indiana where she obtained a divorce and custody of the children in March, 1942. In June of that year she returned, with the children, to Washington.

C.A. 17442. In October, 1942, petitioner brought suit against Mrs. McMillan in the District Court for custody of the children. Judgment went for Mrs. McMillan February 15, 1943 (Adkins, J.), but the Court ordered that the petitioner be given an opportunity to visit the children. On September 1, 1943, petitioner moved to have Mrs. McMillan held in contempt for failing to permit him to visit the children. After hearing, the Court (Bailey, J.) denied the motion and, on Mrs. McMillan's counterclaim, awarded custody of the children to Mrs. McMillan together with attorney's fees. On April 1, 1944, petitioner moved to set aside the judgment awarding attorney's fees, and Mrs. McMillan counterclaimed for maintenance. On July 24, 1944, the Court denied petitioner's motion, and granted Mrs. McMillan maintenance in the amount of $40 a month. In September, 1944, petitioner moved in the District Court for leave to prosecute an appeal in forma pauperis and this was denied October 5, 1944; the Court (Pine, J.) certifying to petitioner's lack of good faith. Petitioner then asked this Court for leave to prosecute the appeal in forma pauperis (Misc. No. 85, McMillan v. McMillan), which was denied January 9, 1945, on the basis of the certification by the District Court, of lack of good faith.

Petitioner left the jurisdiction sometime prior to this order, taking two of the children to Indiana where he has since remained. The subsequent proceedings were all instituted by mail from Indiana.

Thereafter petitioner filed a motion to investigate the case for fraud, which was denied October 26, 1944 (Pine, J.); Petition to redocket the case, a further hearing and to set aside all former judgments, February 16, 1945; Petition to appoint attorney and examine whole case, June 28, 1945; an "Amended Complaint" asking to be relieved of all former judgments and a decree setting aside the divorce granted to his wife in Indiana, June 28, 1945; Petition "For Examination of Causes and Therein, Clear-Up Petitioners Reputation and Character, and to Make a Record Thereof", June 28, 1945; Motion to "Redocket and Allow a Defense for Minor Children", December 14, 1945, together with a "Children's Plea"; Motion for a Writ of Prohibition, December 24, 1945; Demand for Judgment, March 16, 1945.

Petitioner filed in this Court October 2, 1945, a petition (Misc. No. 93) asking leave to appeal in forma pauperis. This petition was apparently merely repetitive of the petition which was denied by this Court January 9, 1945. This petition was denied January 5, 1946.

Petitioner then filed, May 21, 1946, another petition for leave to appeal in forma pauperis in Civil Action No. 17442, also given the number Misc. No. 93 in this Court. Although referring to the file number in the District Court of his original action against his wife (C.A. 17442), the present petition (Misc. No. 93) is captioned "Vergil D. McMillan, Ola-May McMillan, Leon V. McMillan (the latter two being the minor children he took to Indiana) vs. Mary Lois McMillan, Appellee, Edward Curran, Co-Appellee." Upon what theory the United States Attorney is made a party is not apparent. But petitioner makes the two children appellants on the theory that the motion for "Redocket and Allow a Defense to Minor Children" and "Childrens Plea" filed December 14, 1945, started another action against his wife. Be this as it may, the petition for leave to appeal in forma pauperis was filed in this court May 21, 1946 after the District Court (Bailey, J.) had denied his application for leave to appeal in forma pauperis. The record does not show upon what ground the District Court denied the application but we assume

that it was on the ground of lack of good faith. Since nothing is shown to contradict such a finding, the pending petition, Misc. No. 93, must be denied. Waterman v. McMillan, 77 U.S.App.D.C. 310, 135 F.2d 807. In any event, the entire cause appears so frivolous as to require the petition to be denied. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457.

C.A. 31684: Not content with these efforts, petitioner filed suit for damages in November, 1945, against Taylor (Mrs. McMillan's attorney), Jean Halling (case worker for Family Service Association), and the Family Service Association. The theory of this complaint is that the defendants conspired to entice his wife away and into "em-moral" life, destroyed his home, and alienated his wife's affections. Motion to strike was made by the defendant Taylor and granted (Schweinhaut, J.) December 13, 1945, but motions by the Family Service Association to quash service and strike the complaint were denied (Holtzoff, J.) on January 7, 1946. Thereafter petitioner sought to appeal from the order of December 13, 1945, and filed a "Notice of Appeal" with the District Court. The Court (Schweinhaut, J.) on March 19, 1946, denied petitioner leave to proceed without prepayment of costs—no affidavit of poverty having been filed. Nevertheless, petitioner filed in this Court on March 29, 1946, a petition for leave to appeal in forma pauperis. This petition, Misc. No. 102, should be denied since it is clear that petitioner has not complied with the statute authorizing appeals in forma pauperis which requires an affidavit and proper application to be made to the District Court. See: 28 U.S. C.A. § 832, Waterman v. McMillan, supra.

C.A. 32497: To confuse matters still further a suit was brought by petitioner, as "next friend and father" of the two children he had taken to Indiana against Taylor, Halling and the Family Service Association. The complaint in this case also stated that it was a "Complaint & Application To;-The United States Government Justice Department and the District of Columbia;-Public Welfare Department, Mr. Ray Huff, Director." As a conse-

quence the United States Marshal served the District of Columbia and the United States Attorney as parties defendant. The theory of this action was that Taylor, Halling and the Family Service Association had conspired to destroy petitioner's home and persecute him in the courts; for all of which the children demanded damages. The District of Columbia and the United States Attorney were made parties defendant apparently on the theory that they should have protected petitioner and his home and should be directed by the Court to do so. The District of Columbia on February 4, 1946, and Taylor on February 7, 1946, moved to dismiss the complaint as to themselves. Both motions were granted and the Court (Holtzoff, J.) refused to appoint counsel for petitioner February 20, 1946. Petitioner then filed a motion on February 28, 1946, in the District Court for permission to appeal, which on the same date was endorsed by the District Judge (Holtzoff, J.) "Let the plaintiffs proceed to appeal without prepayment of costs." Appeal was taken in forma pauperis from the orders of the District Court dismissing the action as to the District of Columbia and Taylor. This appeal was docketed in this court (No. 9254) and is now pending. The District of Columbia moved on May 28, 1946, to dismiss this appeal as to it. The motion should be granted. The action is frivolous and entirely lacking in substance. To require the District of Columbia to brief and argue the case would be an undue imposition on it and a reflection on the judicial process.

On March 26, 1946, after the aforementioned appeal as to Taylor and the District of Columbia had been docketed in this court, a motion was made in the District Court to strike, or in the alternative to dismiss as to the United States Attorney (as to whom no action had previously been taken). The motion was granted April 8, 1946. Petitioner made application in the District Court for leave to appeal in forma pauperis which was denied by the District Court May 14, 1946, because "the proposed appeal is not taken in good faith." Petitioner then filed his petition (Misc. No.

104) in this Court for leave to prosecute an appeal in forma pauperis. Nothing being shown to overcome the determination by the District Court that the appeal is not taken in good faith, and the action appearing on its face frivolous and without merit, the petition should be denied. Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 87 L.Ed. 746; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457; Waterman v. McMillan, supra; Smith v. Johnston, 9 Cir., 109 F.2d 152.

Petitions for leave to prosecute appeals in forma pauperis in Misc. No. 93, Misc. No. 102, and Misc. No. 104, denied.

Motion of District of Columbia to dismiss appeal in No. 9254 granted, and appellant's motion for appointment of counsel denied.