## SAMS v. UNITED STATES.
### Misc. No. 444.

United States Court of Appeals District of Columbia Circuit.

June 8, 1954.

Mr. Abraham Dobkin, Washington, D. C., for petitioner.

Mr. Lewis A. Carroll, Asst. U. S. Atty., for respondent. Messrs. Leo A. Rover, U. S. Atty., and Harold H. Greene, Edward P. Troxell, Samuel J. L'Hommedieu, Jr., Asst. U. S. Attys., also entered appearances for respondent.

Before STEPHENS, Chief Judge, and EDGERTON and PRETTYMAN, Circuit Judges.

PER CURIAM.

This case came on for consideration on appellant's motion for a reduction of bond and for a continuance of the trial date and on the original record of the District Court. There was argument by counsel.

Upon consideration whereof, it is ordered by the Court that the aforesaid appellant's motion be, and it is hereby, denied.

STEPHENS, Chief Judge, dissents from the foregoing order for the reasons stated in the memorandum filed herein this day.

STEPHENS, Chief Judge (dissenting from the denial of the motion in the above entitled case so far as it is a motion for continuance of trial date). Following are the facts and sequence of events relevant to the motion: On March 9, 1954 the defendant was arraigned and his bond set for $5,000 by the United States Commissioner. On May 3 an indictment was filed charging the defendant with attempted extortion. On May 11 the defendant filed in the District Court a motion for reduction of bail. On May 21 that motion was denied by the District Court (Judge Pine). On May 28 the defendant filed in the District Court an application for leave to proceed on appeal *in forma pauperis* from the order denying reduction of bail. On June 7 the defendant filed in the District Court a motion for continuance of trial and on that same date that motion was denied by the District Court (Judge Laws). Thereafter, but on the same date, June 7, the District Court (Judge

Pine) entered an order, over the objection of the Government, allowing the defendant to proceed on appeal *in forma pauperis.* On that same date notice of appeal (which had been lodged with the District Court at the time of the filing of the application for leave to proceed on appeal *in forma pauperis*) was filed in the District Court. On June 7 the instant motion for reduction of bail and continuance of trial date was filed in this Court of Appeals. The case has been set for trial in the District Court today, June 8.

In view of the accepted modern practice of construing pleadings liberally in the interest of substantial justice (see Rule 2 of the Federal Rules of Criminal Procedure) the appellant's motion, so far as it is a motion for continuance of trial date, should, in my view, be dealt with as in effect a motion for a stay order, i. e., a stay against immediate trial in the District Court pending review in this court of the denial of the motion to reduce bail.

By allowing the defendant to appeal *in forma pauperis* the District Court itself recognized that there is a substantial question involved in the appeal from the denial of the motion to reduce bail. It is exceptional for the District Court to allow appeals *in forma pauperis* and therefore the allowance is especially significant of the existence of a substantial question. The appeal is properly before this court and the appellant is entitled to have the appeal heard. He filed notice of appeal on the very day on which he was allowed by the District Court to take his appeal *in forma pauperis* and he applied to this court immediately thereafter, to wit, on the same day, for continuance of the trial date. If this court does not issue a stay order the defendant's right of appeal from the denial of the motion to reduce bail will be defeated because the case will go to trial today, June 8, and the appeal will become ineffective. It is to be noted further that the action of the District Court by Judge Laws in denying the motion for continuance of trial is in conflict with

the action of the court by Judge Pine on the same day allowing the defendant to appeal *in forma pauperis.*

This court has authority, under the All Writs Statute, 28 U.S.C. 1651(a), to issue orders to protect its appellate jurisdiction. I think, therefore, that a stay order should be issued against the trial of the case in the District Court pending review in this court of the denial of the motion to reduce bail. Stack v. Boyle (1951) 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, recognizes that by the Federal Rules of Criminal Procedure (Rule 46 (a) (1)) " . . . federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. See Hudson v. Parker (1895) 156 U.S. 277, 285, 15 S.Ct. 450, 39 L.Ed. 424. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning. The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. Ex parte Milburn (1835) 9 Pet. 704, 710, 9 L.Ed. 280. Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment. See United States v. Motlow, 10 F.2d 657 (1926, opinion by Mr. Justice Butler as Circuit Justice of the Seventh Circuit)."

It is true that Waterman v. McMillan (D.C.Cir.1943) 77 U.S.App.D.C. 310, 135 F.2d 807, rules that if the District Court fails to act within a reasonable time upon an application for leave to appeal *in forma pauperis* then application to proceed *in forma pauperis* may be made directly to this court. But the ten-day period between May 28 and June 7 during which the District Court had under advisement the application for leave to proceed on appeal *in forma pauperis* cannot, I think, be said to be an unreasonable time.

It is true that at an informal conference with counsel before this court on the instant motion the oral showing made by counsel for the appellant as to the substantiality of the question on appeal, i. e., as to the correctness of the District Court's denial of the motion to reduce bail, was not highly persuasive. But this court is confronted nevertheless with the fact that the District Court itself, which denied the motion for reduction of bail, has indicated, by granting the application to be allowed to appeal *in forma pauperis,* that there is a substantial question as to the correctness of the ruling denying the motion to reduce bail. And the same judge, Judge Pine, acted on both the motion and the application.

It is true also that at the informal conference before this court counsel for the defendant stated that the question as to the defendant's willingness to stand trial and submit to sentence if found guilty, i. e., his willingness to remain in the jurisdiction for the purposes of the criminal proceeding, would be substantially the same whether the bail was $5,000 or a lesser amount. But I think this meant no more than that the ultimate question as to the defendant's willingness to stand trial and submit to sentence if found guilty depends upon the defendant's dependability apart from the amount of bail fixed. And this is one of the questions which will be before the court on the appeal from the denial of the motion to reduce bail.

It is true also that the appellant's counsel states in the instant motion that friends of the defendant can furnish the amount necessary to pay the premium upon a $1,000 to $2,000 bond ($100 for

a $2,000 bond) which amounts were apparently the amounts sought in the motion to reduce bail. It is suggested that this availability of funds from friends would have enabled the defendant to pay the $5 District Court fee for the filing of notice of appeal as soon as the denial of the motion to reduce bail was entered rather than waiting for a ruling on the application to be allowed to appeal *in forma pauperis*. But the defendant had a right under the statute to apply for leave to appeal *in forma pauperis* and the fact that friends were able to furnish the premium on a bond is not evidence that the poverty affidavit of the defendant was not true.

I think, however, that this court, if a stay order were to issue, should order the transcript of hearing on the motion to reduce bail immediately written up by the court reporter, and should apply Rule 33(e) of the General Rules of this court providing that appeals from orders denying motions for reduction of bail before trial shall be expedited and fixing five days after the filing of the record for filing of the appellant's brief, five days thereafter for the filing of the appellee's brief, and three days thereafter for the filing of the appellant's reply brief, such briefs to be typewritten or mimeographed—thus expediting the hearing of this appeal.