UNITED STATES

v.

Monte W. DURHAM.

Cr. 116451.

United States District Court
District of Columbia.
April 6, 1955.

**446**

Leo A. Rover, U. S. Atty., Arthur J. McLaughlin, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Sidney S. Sachs, Washington, D. C., for defendant.

PINE, District Judge.

I have before me an oral motion to allow defendant to appeal without prepayment of costs and to enlarge him on bail pending appeal. He has made affidavit of inability to pay such costs, but has given no explanation as to how he expects to raise the money to pay the premium on a bail bond.

■ An appeal in forma pauperis may not be taken if the trial judge certifies that it is not taken in good faith.[1] "Good faith" has been construed by the United States Court of Appeals for this Circuit to mean the existence of a "substantial question," or one which has merit and is not frivolous.[2] An appeal of this character is a privilege and not a right.[3]

■ So far as bail on appeal is concerned, the Federal Rules of Criminal Procedure prescribed by the Supreme Court provide that bail may be allowed pending appeal *only* if it appears that the case involves a substantial question

which should be determined by the appellate court.[4]

The matter for decision, therefore, is whether a substantial question is involved. Briefly, the facts in this exceptional case are as follows:

Defendant, who had a previous criminal record, was caught red-handed in the commission of the crime of housebreaking and larceny involved herein. It occurred on July 13, 1951, approximately two months after his release from prior custody. He was also charged with other offenses of housebreaking and larceny committed during that two-month period, but they were subsequently dismissed after he had been found guilty in the present case at his first trial, as hereinafter discussed. His accomplices in these offenses were apprehended, and two of them likewise invoked insanity as a defense. This type of defense was then coming more and more into vogue, but these accomplices were unsuccessful in that regard, and all were found guilty and sentenced to long terms of confinement.

This defendant, however, was found to be incompetent to stand trial and was committed to Saint Elizabeth's Hospital, a hospital for the insane, from which he was discharged as competent to stand trial, in 1953. Thereafter, he was brought to trial and found guilty, notwithstanding his defense of insanity at the time of the offense.

Thereafter, defendant appealed at government expense, and his conviction was reversed by the United States Court of Appeals, and his case remanded for new trial. In its opinion,[5] the Court of Appeals held that the law theretofore in existence for determining criminal responsibility, where insanity is a defense, the so-called right-wrong, supplemented by irresistible impulse, test, was inadequate

1.  28 U.S.C. § 1915.

2.  Wheeler v. Reid, 84 U.S.App.D.C. 180, 175 F.2d 829. McMillan v. Taylor, 81 U.S.App.D.C. 249, 160 F.2d 217.

3.  Dorsey v. Gill, 80 U.S.App.D.C. 9, 148

F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

4.  Rule 46, Fed.Rules Crim.Proc. 18 U.S.C.

5.  Durham v. United States, D.C.Cir., 214 F.2d 862.

and that a broader one should be adopted. This broader test was spelled out in the opinion of the Court of Appeals, and the change in the law was made to apply prospectively as to others and to this defendant on retrial.

The Court of Appeals, shortly afterward, by an amendment to its opinion, added a footnote stating that "even where there has been a specific finding that the accused was competent to stand trial and to assist in his own defense, the court would be well advised to invoke this Code provision [D.C.Code, § 24–301] so that the accused may be confined as long as 'the public safety and  *  *  *  [his] welfare' require. Barry v. White, 62 App.D.C. [69] at page 71, 64 F.2d [707] at page 709." 214 F.2d 876, note 57. I assume that this suggestion refers to the case of a defendant who is found not guilty by reason of insanity, and it should be noted that this section of the Code provides that if "an accused person shall be acquitted by the jury solely on the ground of insanity, the Court may certify the fact to the Federal Security Administrator,[6] who may order such person to be confined in the hospital for the insane." The public safety and welfare statement in the footnote is taken from Barry v. White, supra, which was an appeal from an order dismissing a petition for a writ of habeas corpus. There the defendant had been charged with first degree murder and was found not guilty by reason of insanity, and the question presented was whether the Court below erred in finding long afterwards that he had not recovered his sanity. There had been no previous finding on competency. The Court of Appeals sustained the lower court in its judgment, and concluded its opinion with the statement [62 App.D.C. 69, 64 F.2d 709] that it was "satisfied from a consideration of the record that the public safety and the welfare of the appellant will both be conserved by the retention of the appellant in the asylum for further observation and training." Of course, this presupposes a continuation of insanity, as I know of no provision of existing law permitting the retention of a sane person in a mental institution.

After reversal, the instant case came on for trial before this Court and a jury, and on March 1, 1955, defendant was found guilty. The Court instructed the jury as prescribed by the Court of Appeals in its new test of insanity as a defense to a criminal charge, and added thereto for defendant's protection certain qualifying clauses to carry out the intendment of the opinion.

After conviction, there was no motion for a new trial, but on March 14, 1955, fourteen days after conviction, the Court of Appeals handed down another opinion relating to insanity as a defense in a criminal case, and thereafter filed an amended opinion.[7] This opinion revised the pre-existing practice. It forbids the use by the government of testimony of psychiatrists who have treated defendant at a mental institution, where he has been confined after being charged with a criminal offense; but the amended opinion permits the use of such testimony where the question is whether defendant is competent to stand trial. The opinion further holds that a jury should not be informed that defendant has been found competent to stand trial in cases where there has been a prior finding of incompetency, applying the provisions of 18 U.S.Code, § 4244 to the *subsequent* hearing when it is claimed that competency has been restored. This would appear to result in leaving the jury without knowledge as to why defendant is being tried, when they learn, as would seem inevitable when the defense is insanity, that defendant was found incompetent shortly after the commission of the crime. The opinion also suggests that the trial judge should inform the jury that, if defendant is acquitted by reason of insanity, he will be presumed to be insane and may be confined in a hospital for the insane as long as the public safety

6. Now, Secretary of the Department of Health, Education, and Welfare.

7. Taylor v. United States, D.C.Cir., 222 F.2d 398.

and his welfare require. The Court points out that, although this fact has no theoretical bearing on the jury's verdict, it may have a practical bearing.

■ Defendant now asserts that this opinion handed down after the trial and verdict in his case gives rise to a substantial question, but he does not rely on the admission in evidence of testimony by psychiatrists at Saint Elizabeth's Hospital, because, as I recall it, there was no psychiatrist called by the government who would now fall within the interdiction of this opinion. Nor does he claim error in the admission in evidence of the finding of competency, nor do I see how he properly could, because he offered it himself and it was part of his defense. He had previously offered in evidence an earlier finding of incompetency in support of his defense of insanity at the time of the commission of the offense. Apparently he felt that the jury should know that he had been restored to competency since the earlier finding, as otherwise the jury would be in the dark as to how he could properly be tried, with only a finding of incompetency before them. As stated, his defense was insanity at the time of the offense. If that had been established, it would have resulted in a verdict of not guilty by reason of insanity, and defendant would have been absolved from criminal responsibility and entitled to release from custody if then of sound mind. It would seem that, when the authorities at Saint Elizabeth's Hospital certify that a defendant is competent to stand trial, with the ever-present possibility of a straight not-guilty verdict entitling defendant to immediate release, they implicitly certify that his mental condition is such as to justify his release. Of course, they could change their opinion on this question, upon a verdict of not guilty by reason of insanity and in view of the presumption flowing therefrom; but this would appear to be the only basis for their continued detention of a defendant so situated, and they would be required to sustain their changed opinion in court if defendant sought his release by habeas corpus claiming to be of sound mind.

■ Defendant relies mainly on the third point referred to in the opinion in the Taylor case, supra, and contends that a substantial question arises from it by reason of the fact that, though I told the jury that I would commit the defendant to a mental institution if he were found not guilty by reason of insanity, which instruction would almost appear to be prevision of the appellate court's later ruling, I added, if the institution adhered to its last opinion as to defendant's soundness of mind, he would be released very shortly. This latter is now objected to, apparently on the ground that, though it is not frowned on by the Court of Appeals, neither is it sanctioned by it. As a practical matter, to use that Court's language, if the jury should be told that defendant would be committed to a mental institution if found not guilty by reason of insanity, it is incomprehensible to me that it should not also see the other side of the coin and be told that he would be released very shortly if the institution adhered to its expressed opinion as to his mental condition. In my judgment, if the jury is entitled to know one fact, it is entitled to know the other. I see no justification for giving the jury a half truth.

But I should add that I further told the jury, if their verdict was not guilty by reason of insanity, defendant would remain at Saint Elizabeth's unless and until it was determined by the authorities of that hospital that he was of sound mind; and at the request of defendant, after the charge had been concluded, I still further told the jury that his release would depend upon his mental condition, or what the authorities found his mental condition to be, if he was returned to Saint Elizabeth's Hospital, and defense counsel stated that this was sufficient.

For these reasons, I find no substantial question in the point principally urged for granting the motion, nor in the other points briefly mentioned in argument,

which do not merit discussion. Accordingly, I certify that the appeal is not taken in good faith, and deny the motion to allow defendant to proceed in forma pauperis and to enlarge him on bail pending appeal. For me to do otherwise, to my mind, would make a mockery of the criminal law and bring its administration into disrepute.