Monte W. **DURHAM**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 12810.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 17, 1956.

Decided March 29, 1956.

Petition for Rehearing In Banc
Denied May 3, 1956.

Mr. Milton M. Gottesman, Washington, D. C., with whom Mr. William E. Leahy, Washington, D. C. (both appointed by this Court) was on the brief, for appellant.

Mr. Lewis A. Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Arthur J. McLaughlin and

John W. Kern, III, Asst. U. S. Attys., were on the brief, for appellee. Mr. Carl W. Belcher, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

On Durham's former appeal, we reversed his conviction of housebreaking and remanded the case for a new trial because the trial court had erroneously applied "existing rules governing the burden of proof on the defense of insanity * * *."[1] In addition, we announced a new test of criminal responsibility. Upon re-trial, Durham has again been convicted.[2] We must again reverse and remand for a new trial because of fatally defective instructions to the jury.

▆▆▆ The judge told the jury that the Acting Superintendent of St. Elizabeths Hospital had advised the court on February 12, 1953 that Durham was found competent to stand trial and assist in his own defense. Later, after correctly stating that he would commit Durham to St. Elizabeths if he were found not guilty by reason of insanity, the judge added that Durham would remain there until determined to be "of sound mind" by the hospital authorities; and that "if the authorities adhere to their last opinion on this point, he will be released very shortly."[3] Thus the judge conveyed to the jury the idea, which he also expressed at a bench conference with counsel, that the authorities had found Durham to be "of sound mind" and that he would be discharged "very shortly" after commitment unless their opinion changed. This was plain error.[4]

The "last opinion" referred to by the court was apparently the February 12, 1953 letter of Dr. Silk, Acting Superintendent of St. Elizabeths, regarding Durham's competency to stand trial. This letter was not in evidence. Nor could it have been. The "fair meaning" of § 4244 of Title 18 U.S.C. is that "the jury should not be told that the accused has been found competent to stand trial."[5] Hence the court erred in calling the jury's attention to the letter.

▆▆▆ But there is an even more critical fault. Competency to stand trial is entirely different from such soundness of mind as would warrant discharge from the hospital.[6] A striking illustration of

---

1. Durham v. United States, 1954, 94 U.S. App.D.C. 228, 230, 214 F.2d 862, 864, 45 A.L.R.2d 1430.

2. We allowed Durham leave to proceed in forma pauperis after the District Court had denied such leave in a memorandum opinion, D.C.D.C.1955, 130 F.Supp. 445.

3. Later the trial judge repeated this statement and added a sentence which did not change the total effect of what he had previously said.

4. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Rule 52(b), Fed.Rules Crim.Proc. 18 U.S.C.A. Stewart v. United States, 1954, 94 U.S.App.D.C. 293, 296, 214 F.2d 879, 882, note 7; Taylor v. United States, 1955, 95 U.S. App.D.C. 373, 379, 222 F.2d 398, 404.

5. Taylor v. United States, 95 U.S.App.D.C. at page 378, 222 F.2d at page 403.

Section 4244 provides in pertinent part:

"A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury." 63 Stat. 686 (1949).

6. See Gunther v. United States, 1954, 94 U.S.App.D.C. 243, 246, 215 F.2d 493, 496; Soboloff, Insanity and the Criminal Law: From McNaghten to Durham and Beyond, 41 A.B.A.J. 793, 879 (1955).

For example, although persons suffering from pyromania or kleptomania may be competent to stand trial, their affliction may make them dangerous to themselves or others. In an early Texas case, Harris v. State, 1885, 18 Tex.App. 287, 293, kleptomania was described as "a species of insanity" constituting a defense to the crime of theft. Pyromania and kleptomania have been described as psychoneuroses in Guttmacher & Wei-

the difference is found in this very case in these words from Dr. Silk's letter: "Prolonged psychiatric study has established that [Durham] *suffers from psychological illness but is mentally competent to stand trial* and is able to consult with counsel to properly assist in his own defense." (Emphasis supplied.) This court recognized in Durham's former appeal that a defendant who is competent to stand trial may nevertheless be suffering from a mental illness presenting dangers against which protection is necessary. We specifically pointed out that upon acquittal by reason of insanity the defendant "may be confined as long as 'the public safety and * * * (his) welfare' require." [7] This is what the judge should have told the jury here.[8]

The judge's statement that the defendant would "be released very shortly" was highly prejudicial, for it implied a warning that dire consequences might result from a finding that the defendant was not guilty by reason of insanity. Such a warning goes far to deprive the insanity defense of any real meaning as a jury issue.[9] The judge's statement that such a warning is justified by our decision in Taylor v. United States, supra, note 5, is erroneous.[10]

Reversed and remanded for a new trial.

hofen, Psychiatry and the Law 57 (1952), and as psychopathic states in Henderson & Gillespie, Textbook of Psychiatry 399 (7th ed. 1953).

7. Note 57, 94 U.S.App.D.C. at page 242, 214 F.2d at page 876, citing Barry v. White, 1933, 62 App.D.C. 69, 71, 64 F. 2d 707, 709. See also Sobeloff, supra, note 6.

8. Taylor v. United States, 95 U.S.App.D.C. at page 379, 222 F.2d at page 404.
   The jury should now be advised in accordance with Public Law No. 313, 84th Cong., 1st Sess., Aug. 9, 1955. That law, which amends D.C.Code, § 24-301, was enacted after the trial herein and our decision in *Taylor*. In pertinent part, it

provides for mandatory commitment to a mental hospital of a person acquitted by reason of insanity, and conditions release on, *inter alia*, the opinion of the hospital superintendent that "such person will not in the reasonable future be dangerous to himself or others * * *." 69 Stat. 610.

9. See Annotation, 44 A.L.R.2d 973, State v. Johnson, Mo.1954, 267 S.W.2d 642, 44 A.L.R.2d 973.

10. This statement appears in the trial judge's memorandum opinion denying Durham's motion for leave to appeal in forma pauperis. 130 F.Supp. at page 448.