**Charles WORTH, Petitioner,**

v.

**PEOPLE of the STATE OF MICHIGAN, Respondents.**

**Undocketed.**

United States Court of Appeals
Sixth Circuit.
June 22, 1961.

---

622

Charles Worth, in pro. per.

ORDER.

THIS MATTER is before this court upon the following applications of petitioner, Charles Worth, to wit: motion to proceed in forma pauperis, motion for appointment of counsel, and motion for certificate of probable cause. All of these procedures are employed to implement petitioner's appeal from an order of District Judge Ralph M. Freeman entered April 21, 1961, dismissing petitioner's petition for writ of habeas corpus filed in the U. S. District Court for the Eastern District of Michigan, Southern Division.

Subsequent to the order denying petitioner's application for habeas corpus and on May 8, 1961, said District Judge denied petitioner's application for certificate of probable cause.

Petitioner is a prisoner in one of the state prisons of Michigan, having been convicted after a jury trial in the Circuit Court of Genesee County, Michigan, of the offense of breaking and entering. He attacked the validity of his conviction by various proceedings in the Circuit Court of Genesee County, and his application for leave to appeal was denied by the Michigan Supreme Court. Certiorari to that court was denied by the United States Supreme Court, 358 U.S. 856, 79 S.Ct. 88, 3 L.Ed.2d 89.

Subsequent to such state court proceedings, petitioner filed a petition for writ of habeas corpus in the United States District Court at Detroit, Michigan. On January 26, 1959, said petition for habeas corpus was denied and his action therefor was dismissed. On March 17, 1959, petitioner's application for rehearing of Judge Levin's ruling on his petition for writ of habeas corpus was denied by District Judge Levin. An appeal was taken to this court from the aforesaid denial of petitioner's application for writ of habeas corpus and on February 20, 1960, the order of Judge Levin was affirmed. Worth v. Bannan, 277 F.2d 457. On April 12, 1961, the present habeas corpus proceeding was instituted in the District Court at Detroit. A review of the papers before us discloses that the last mentioned habeas corpus proceeding contained substantially the same grounds for relief as were contained in the habeas corpus proceedings concluded by Judge Levin's denial thereof and this court's affirmance of such denial.

■ Without reference, however, to whether or not this court's decision in Worth v. Bannan, supra, concluded the matters involved in the present proceeding, our review of the latter papers persuades us that they contain no allegations or evidence of any facts concerning the petitioner's trial in the Genesee County Circuit Court to indicate that he was there deprived of any federally granted constitutional rights. We cannot on such habeas corpus proceeding act as a court of appeals to review matters within the jurisdiction of the state of Michigan. Hicks v. People of State of Michigan, 6 Cir., 1960, 281 F.2d 645; United States ex rel. Weber v. Ragen, 7 Cir., 1949, 176 F.2d 579; Gay v. Graham, 10 Cir., 1959, 269 F.2d 482. It has been held, also, that the laws of Michigan provide adequate procedural processes to enable a convicted prisoner to review errors or irregularities in a trial result-

ing in his conviction. Whalen v. Frisbie, 6 Cir., 185 F.2d 607; Quicksall v. People of State of Michigan, 339 U.S. 660, 70 S.Ct. 910, 94 L.Ed. 1188.

 This court is of the opinion that petitioner's application to this court for certificate of probable cause should be denied. Being of that opinion, the motion for leave to proceed in forma pauperis should likewise be denied. (No application for leave to proceed in forma pauperis appears to have been made to the district court). Such application would normally be required. Waterman v. McMillan, 1943, 77 U.S.App.D.C. 310, 135 F.2d 807; Smith v. Johnston, 9 Cir., 1940, 109 F.2d 152.

Because of our view thus expressed, we do not think that petitioner's motion for appointment of counsel should be entertained.

Now, therefore, It Is Ordered that petitioner's motion for certificate of probable cause, motion for leave to proceed in forma pauperis and motion for appointment of counsel be, and they are, hereby denied.

Approved for entry.