386

Mr. Philip H. Marcum, of Washington, D. C., for petitioner.

Mr. Hubert G. King, of Washington, D. C., for creditors of Bankrupt.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

The bankrupt filed a petition in voluntary bankruptcy, listing as his only debt a judgment recovered against him in the state of New York amounting to about $25,000. His listed assets were about $800. He had owned stock in Primrose House, Inc., in New York, but prior to bankruptcy had assigned that stock to Primrose House, Inc., in satisfaction of another judgment. After a hearing the referee made findings in which he indicated that he would deny a discharge on the ground that the bankrupt had failed to keep proper financial records. The bankrupt moved to vacate these findings and attached copies of the New York court records of the Primrose House, Inc., judgment against him. The referee, however, denied this motion and refused a discharge for lack of financial records particularly in connection with the bankrupt's dealing with Primrose House, Inc.

The bankrupt then filed a timely petition for review of these orders (along with other orders not relevant here). The referee submitted to the District Court a certificate stating that the request for the discharge had been heard and denied, and that the motion to vacate could not be reviewed. He refused to transmit to the court either a copy of the motion or copies of the New York court records which were attached to it as exhibits.

Thereupon the bankrupt moved for completion of the record in the District Court.

This motion was denied and the bankrupt asks for a special appeal to this Court.

■ Petitioner has misconceived his remedy in seeking a special appeal.[1] In a bankruptcy case this Court must look to the Bankruptcy Act for its jurisdiction.[2] That Act authorizes an appeal of right from all bankruptcy orders, interlocutory as well as final, except where money alone is involved and the amount is less than $500.00.[3]

■ Courts have refused appeals from interlocutory orders in bankruptcy which are trivial in their effect on the proceedings,[4] but this is not the case here. A bankrupt who seeks a review of an order on a motion is entitled to have the court consider the motion papers and all the exhibits as they were presented to the referee and this is a substantial right.[5] Therefore, the order denying completion of this record is appealable of right under the Bankruptcy law. It is not a proper subject for special appeal under the rules of this court.

■ The fact that the bankrupt has misconceived the form of his appeal is not such prejudicial error as to justify dismissal. The differences between proceedings in a special appeal and an appeal taken as of right affect no substantial rights of the appellee. It would not be in the interest of justice to dismiss a special appeal merely to have it presented again in different form, particularly where the time for bringing an appeal of right has expired. We may, therefore, take jurisdiction of this case on the papers before us as an appeal of right.

■ We can see no reason for the refusal of the referee to transmit the papers filed before him to the District Court. Without the motion and the exhibits before it that court could not pass on either the law or the facts raised by that pleading. The order denying completion of the record is, therefore, reversed, without prejudice to any question either of law or fact which may appear relevant when the completed record is before the District Court.

Reversed and remanded.

---

[1] D.C.Code 1940, § 17—101.

[2] 11 U.S.C.A. § 47, Chandler Act, sec. 24. Cf. Rule 34, General Rules of this Court.

[3] 8 Remington on Bankruptcy 46.

[4] 8 Remington on Bankruptcy 73–76.

[5] 11 U.S.C.A. § 67, (a) (6), (b), Chandler Act, sec. 39 (a) (6) and (b).