WHEELER et al. v. REID, Superintendent, Washington Asylum and Jail.

Miscellaneous No. 171.

United States Court of Appeals District of Columbia Circuit.

Dec. 10, 1948.

See also 82 U.S.App.D.C. 363, 165 F.2d 225.

Before STEPHENS, Chief Judge, and EDGERTON and WILBUR K. MILLER, Circuit Judges.

STEPHENS, Chief Judge.

There have been presented to this court petitions for leave to appeal and to proceed in forma pauperis from a judgment of the United States District Court for the District of Columbia entered December 9, 1948, dismissing a petition for a writ of habeas corpus filed by Reginald J. Wheeler and Jesse James Patton in Habeas Corpus No. 3483, Wheeler and Patton v. Reid, and discharging the rule to show cause which had been issued pursuant to such petition. There has been presented also a motion by the petitioners Wheeler and Patton for stay pending appeal of sentences of death imposed upon petitioners effective December 10, 1948. The petitions and motion are ordered filed.

The petitioners were on December 6, 1946, after conviction in the United States District Court for the District of Columbia of the offense of murder in the first degree in Criminal Case No. 77122, sentenced to punishment of death by electrocution on March 28, 1947. From time to time thereafter execution of these sentences was stayed. On December 7, 1948, sentences of death were reimposed upon the petitioners to be carried out on December 10, 1948. On December 9, 1948, a petition for writ of habeas corpus against Curtis Reid, Superintendent of the Washington Asylum and Jail, was filed in the District Court by the petitioners jointly, alleging that the sentences imposed on December 7, 1948, were void because of the provisions of D.C. Code (1940) § 23—703 providing:

Upon the conviction of any person in the District of Columbia of a crime the punishment of which is death, it shall be the duty of the presiding judge to sentence such convicted person to death according to the terms of sections 23–701 to 23–704, and to make such sentence in writing, which shall be filed with the papers in the case against such convicted person, and a certified copy thereof shall be transmitted, by the clerk of the court in which such sentence is pronounced, to the superintendent of the District jail, not less than ten days prior to the time fixed in the sentence of the court for the execution of the same. (Jan. 30, 1925, 43 Stat. 799, ch. 115, § 3.)

Petitioners alleged that since the sentences were imposed on December 7, 1948, and were to be carried into execution on December 10, 1948, the statutory requirement was not met. The District Court issued a rule to show cause why a writ of habeas corpus should not issue and to this a return and answer was filed by the respondent Reid. Thereupon there was a hearing before the District Court. At the conclusion of this hearing the order above referred to dismissing the petition and discharging the rule was entered. Application was then made by the petitioners for leave to prosecute an appeal without prepayment of costs and the trial judge filed a certificate in the following terms:

If by "good faith" is meant a sincere belief on the part of the petitioners that the judgment of the Court just made should be reversed, I have no doubt that they have such feeling. If by "good faith" is meant do I consider whether or not the question involved is one as to which there is reasonable basis for a different conclusion, I do not. This states fully my view on the question of good faith. I realize that the term "good faith" is somewhat ambiguous.

Thereupon the present petitions and motion in this court were filed as above set forth.

■■■ For the reasons set forth below we think the petitions for leave to appeal and to proceed in forma pauperis from the judgment of the District Court and the motion for stay of sentences should be denied.

28 U.S.C.A. § 1915(a) (1948) provides:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

We think that the certificate of the trial judge is in effect a certificate that the appeal sought to be taken is not taken in good faith and that for that reason the second paragraph of the statute just quoted applies. But if the certificate of the trial judge be treated as self-contradictory and therefore as no certificate, then the first paragraph of the statute just quoted applies. That paragraph invests this court with discretion as to whether or not to allow an appeal in forma pauperis and requires the court to give consideration in the exercise of its discretion to the nature of the appeal. We have considered the nature of the appeal as disclosed in the petitions which we have allowed to be filed and as disclosed by the statements of counsel for the petitioners who have appeared before us and made oral argument in support of the petitions and we are of the view that no substantial question is involved in the appeal and that it is accordingly without merit and ought not be allowed.

■■■ D.C.Code (1940) § 23—703 above quoted must be read in connection with D. C.Code (1940) § 23—114 which provides:

In case of a sentence of death, the time fixed for the execution of the sentence shall not be considered an essential part of the sentence, and if it be not executed at the time therein appointed, by reason of the pendency of an appeal or for other cause, the court may appoint another day for carrying the same into execution. (Mar. 3, 1901, 31 Stat. 1340, ch. 854, § 926.)

Section 23—703 must also be read in connection with its legislative history. S.Rep. No. 67, to accompany S. 387, 68th Cong., 1st Sess., which was the bill which when enacted became § 23—703, states: "Section 3 allows 10 days in which to make ready the death chamber, summon the witnesses, and make any other preparations. This provision is based on the South Carolina statute, 1912." The same statement is made in the House Report; see H.R.Rep. No. 156, to accompany S. 387, 68th Cong., 1st Sess. We think that, when § 23—703 is read in connection with § 23—114 and in connection with the legislative history, it is clear that § 23—703 was intended not for the benefit of defendants upon whom death sentences were to be imposed but in aid of the prison authorities charged with execution of such sentences. We think also that, even if § 23—703 be thought to be for the benefit of defendants rather than of prison authorities, it applies only to the sentence imposed upon the conviction and not upon subsequent sentences reimposed after stays of execution.

In accordance with the foregoing the petitions for leave to appeal and to proceed in forma pauperis and the motion for stay of sentences are

Denied.