SOCIETE INTERNATIONALE POUR PAR-
TICIPATIONS INDUSTRIELLES ET
COMMERCIALES S. A. v. McGRATH, At-
torney General et al.

No. 10128.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 18, 1950.

Decided Feb. 13, 1950.

See also D.C., 9 F.R.D. 263.

Mr. John J. Wilson, Washington, D. C., with whom Messrs. Roger J. Whiteford and Philip S. Peyser, Washington, D. C., were on the brief, for appellant.

Mr. Ralph S. Spritzer, Washington, D. C., Attorney, Department of Justice, of the Bar of the Court of Appeals of New York, *pro hac vice,* by special leave of court, with whom Mr. James L. Morrisson, Washington, D. C., was on the brief, for appellees.

Mr. Joseph Laufer, Washington, D. C., also entered an appearance for appellees.

Before EDGERTON, CLARK and FAHY, Circuit Judges.

FAHY, Circuit Judge.

In 1942 and 1943 the Alien Property Custodian vested 93% of the stock of General Aniline & Film Corporation, an American corporation, on the ground that said stock was owned by foreign and enemy nationals as defined in the Trading with the Enemy Act, 50 U.S.C.A.Appendix § 1 et seq. We will refer to the corporation by its initials G. A. F. By the vesting of this stock the Alien Property Custodian gained control of G. A. F. There were in the company's portfolio bearer stock certificates of the appellant Societe Internationale Pour Participations Industrielles et Commerciales S. A., known as I. G. Che-

mie. Some of this I. G. Chemie stock which thus came into the possession of the Alien Property Custodian was fully paid and some was fifty-percentum paid. The Alien Property Custodian arranged for the distribution of this I. G. Chemie stock to the stockholders of G. A. F. as dividends. The appellant I. G. Chemie thereafter filed an action under section 9(a) of the Trading with the Enemy Act for the return to it of properties which it claimed and which it alleged had been unlawfully seized and retained by the Alien Property Custodian, including its stock distributed as dividends on the G. A. F. stock which was then in the possession of the appellee Attorney General of the United States, who had become the successor of the Alien Property Custodian.[1] Appellant also claims an interest in certain money in possession of the appellee Treasurer of the United States.

In the section 9(a) action so filed by appellant I. G. Chemie the Attorney General moved the court for "An Order or for Instructions and an Order to Preserve Part of the Res Before the Court in the Subject Action." A petition and supporting exhibits accompanied the motion setting forth the following grounds therefor: A meeting of I. G. Chemie shareholders held in Basle, Switzerland, in December 1945, amended the corporation *Statuten* to provide for the issuance of registered shares replacing bearer shares then outstanding. To effect this exchange holders of bearer shares were required to apply with such shares to I. G. Chemie's office in Switzerland or to certain Swiss banks. Issuance of registered shares was subject to the approval of I. G. Chemie directors. The Attorney General further alleged that when other persons who had received I. G. Chemie stock as dividends on G. A. F. stock attempted to make such exchange, I. G. Chemie confiscated and seized their shares. It took the position, as is claimed in the pending section 9(a) proceedings, that since the Attorney General was in unlawful control of G. A. F., any dividends authorized by him were unlawful and therefore persons who received the I. G. Chemie

1. Attorney General Clark named originally as defendant has since been succeeded in office by the appellee, Attorney General McGrath.

408

stock as dividends were not lawful owners of such stock. A month after the action was filed, in November 1948, a stockholders' meeting of I. G. Chemie authorized a 50% further assessment on all 50% paid stock. or its exchange (two-for-one) before February 10, 1949. The Attorney General, mindful of his statutory duty to preserve the *status quo* of the subject matter of a section 9(a) action, concluded that, as stated in his petition for an injunction, "9. Unless the bearer shares of plaintiff corporation held by defendant are presented for registration and conversion prior to February 10, 1949, or unless that date is extended for the duration of this suit and a reasonable time thereafter with respect to the shares held by the defendant, then such shares which constitute part of the subject matter of the suit for return presently before the Court will be destroyed."

He moved that:

"1. The plaintiff be ordered to take whatever action may be necessary to maintain the *status quo* of the shares of stock of the plaintiff corporation held by the defendant pending termination of the subject litigation and for ninety days thereafter, including extension of the February 10, 1949 deadline for the conversion of the 50%-paid shares of said stock into fully paid shares; or

2. (a) The defendant, Tom C. Clark, Attorney General of the United States, be instructed to deliver to the plaintiff all of the bearer shares of stock of the plaintiff corporation received as dividends from General Aniline & Film Corporation and held by the defendant in order that the plaintiff may register such shares and convert the 50%-paid shares of said stock into fully paid shares on a two-for-one basis; and

(b) The plaintiff be ordered to register all of such bearer shares and to convert the 50%-paid shares thereof into fully paid shares on a two-for-one basis and to return the new certificates representing all of the shares so registered and converted to the defendant to be retained in his custody subject to the jurisdiction of this Court

pending termination of the subject litigation. * * *"

After hearing and argument the trial court denied appellant's motion to dismiss the petition of the Attorney General and ordered appellant to take any necessary action to extend until 90 days after the termination of the litigation the time within which the appellees, defendants below, may present for conversion the shares of stock of appellant corporation claimed by the appellant; and to maintain in all respects the *status quo* of the shares of stock until 90 days after the termination of the litigation. Appellant petitioned us for the allowance of a special appeal which we denied since the order was appealable as of right, 28 U.S.C.A. § 1292(1). We treated his petition as perfecting an appeal as of right. In re Leigh, 1943, 78 U.S.App.D.C. 261, 139 F.2d 386.

Appellant's principal contention is that the District Court lacked jurisdiction to enter the injunction. We cannot agree with this. As was said by this court in Swiss National Ins. Co. v. Crowley, 1943, 78 U.S.App.D.C. 1, 3, 136 F.2d 265, 267: "Appellant came into court to assert a claim against the United States. It thereby submitted itself to the jurisdiction of the court that complete justice might be done." This and other cases decided by this court establish the principle that a foreign corporation not domiciled here or doing business or otherwise amenable to process here is nevertheless subject to answer for a counterclaim when it chooses to sue under section 9(a) of the Trading with the Enemy Act. Isenberg v. Biddle, 1941, 75 U.S.App.D.C. 100, 125 F.2d 741; Societe Suisse Pour Valeurs De Mataux v. Cummings, 1938, 69 App.D.C. 154, 99 F.2d 387; Cummings v. Societe Suisse Pour Valeurs De Mataux, 1936, 66 App.D.C. 121, 85 F.2d 287. A *fortiori,* jurisdiction is present to enter an injunction to protect part of the very subject matter of the action.

The only remaining question involves the propriety of the trial court's order. Appellant's argument is in substance

that the trial court abused its discretion by granting an injunction which interferes with the internal affairs of a foreign corporation. Rogers v. Guaranty Trust, 1933, 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720, cited by appellant, does not support this contention. That case and others to like effect illustrate the circumstances in which the courts at the instance of defendants have declined to go forward in the exercise of jurisdiction because of the inappropriateness of the forum. They do not hold that jurisdiction is lacking; and they do not support a doctrine which would permit a plaintiff who has chosen the forum to say the choice is inappropriate in such circumstances as are present here. Denial of the injunction would put the appellant in a position to make the stock worthless regardless of the outcome of this litigation. In such circumstances we see no injustice or impropriety in requiring the appellant to preserve this part of the subject matter of the action pending determination of the litigation. The duty to preserve is imposed upon the appellee Attorney General by virtue of the Trading with the Enemy Act. Under the facts averred and not denied it is not improper to impose a similar duty on the appellant. The fact that compliance with the order may require acts to be done outside this jurisdiction does not make it invalid. E. g., The Salton Seas Cases, 9 Cir., 1909, 172 F. 792. The District Court is not powerless to aid the Attorney General if the appellant does not comply with its mandate.

Affirmed.