**GERRINGER v. UNITED STATES.**
**Misc. No. 357.**

United States Court of Appeals
District of Columbia Circuit.

Decided March 15, 1954.

Petition for Reconsideration Denied
July 1, 1954.

Mr. Kingdon Gould, Jr., Washington, D. C. (appointed by this Court) for petitioner.

Mr. William R. Glendon, Asst. U. S. Atty. at the time of argument, with whom appeared Messrs. Charles M. Irelan, U. S. Atty. at the time of argument, and William E. Kirk, Jr., Asst. U. S. Atty. at the time the petition was filed, for respondent. Mr. Leo A. Rover, U. S. Atty., also entered appearance for respondent.

Before STEPHENS, Chief Judge, and PROCTOR * and BAZELON, Circuit Judges.

STEPHENS, C. J.

This case is before the court upon a "Motion for Permission to Appeal *in Forma Pauperis*" and upon an additional "Motion for Leave to Apply to District Court for Permission to Appeal, *in Forma Pauperis*". Both motions were filed by Kenneth Gerringer who is presently imprisoned in Lorton Reformatory, Virginia. An understanding of the questions presented requires an account of relevant proceedings in the United States District Court for the District of Columbia and in this Court of Appeals.

Gerringer was convicted in the District Court of assault with a dangerous weapon, and, on June 24, 1949, was sentenced to a term of three to nine years imprisonment. On September 18, 1952,[1] he filed a motion in the District Court, under 28 U.S.C. § 2255 (Supp.1952), to set aside the conviction and vacate the sentence. On October 13, 1952, the District Court denied that motion. On or about December 6, 1952, the Clerk of this Court of Appeals received through the mail Gerringer's motion, dated December 3, 1952, for permission to appeal *in forma pauperis* from the order of October 13. On December 24, 1952, that motion was returned by the Clerk to Gerringer for the reasons, as stated in an accompanying letter from the Clerk, that an insufficient number of copies of the motion had been submitted in view of the requirements of the General Rules of this Court [2] and that the form of proof of service of the motion was not in conformity with Rule 31(h) of those Rules.[3] On January 16, 1953, the Clerk, again through the mail, received the motion with the required copies and a proper affidavit of service. Authority to file the motion without prepayment of costs was given to the Clerk by the Chief Judge on February 11, 1953. On February 13, 1953, the Government filed with the court an opposition to Gerringer's motion for permission to appeal *in forma pauperis*, contending therein that the motion should be denied for the reason that Gerringer had failed to show (1) that a request for leave to appeal *in forma pauperis* had been made in the District Court and (2) the action of the District Court on such a request, if any. In support of its opposition, the Government cited Waterman v. McMillan, 1943, 77 U.S.App.D.C. 310, 135 F.2d 807.

* Circuit Judge Proctor, who heard the argument on the motions, died before this decision.

1. "* * * A motion for such relief may be made at any time. * * *" (28 U.S.C. § 2255 (Supp. 1952))

2. Rule 31(f) of the General Rules (1952) provides, in part, as follows: "An original and one conformed legible copy of the papers enumerated in subdivision (k) of this rule shall be filed. . . . If additional copies are desired for the use of the court, the parties shall furnish them on demand of the clerk." Rule 31(k) enumerates the types of motions upon which the Chief Judge may rule in chambers and among them includes petitions or motions to proceed *in forma pauperis*. The Clerk's letter requested Gerringer to furnish three conformed copies of the motion. The Clerk made that request so that there would be one copy for the use of each of three circuit judges who, notwithstanding the provision of Rule 31(k) authorizing the Chief Judge alone to act on such motions, would, according to the usual practice of this court, be assigned to consider and determine a motion for leave to appeal *in forma pauperis*, if contested.

3. Rule 31(h) of the Rules of this court (1952) provides as follows:
"*Form of Proof of Service.* Proof of service, *stating the name and address of the person on whom served, and the manner and date thereof,* shall be shown on each paper filed with the clerk of this court, and may be made by (1) written acknowledgment of the party served or his counsel; (2) the certificate of counsel if he shall have made the service; or (3) the affidavit of the person, not counsel, making the service."
The only proof of service of the submitted motion for permission to appeal *in forma pauperis* was the unsworn statement by petitioner: "Copy served on U. S. Attorney Irelan, by U. S. Mail, postage prepaid, on this date."

certiorari denied, 1944, 322 U.S. 749, 64 S.Ct. 1160, 88 L.Ed. 1599. In that case, in interpreting the then applicable statute [4] and outlining the procedures to be followed under it, the court stated:

On February 19, 1953, this court appointed counsel to represent Gerringer.[5] On March 24, 1953, Gerringer, by his appointed attorney, filed with this court his motion for leave to apply to the District Court for permission to appeal *in forma pauperis*. In an appended statement of points and authorities, Gerringer admitted that he had not followed the procedure for seeking leave to appeal *in forma pauperis* required by 28 U.S.C. § 1915 (Supp.1952) and described in Waterman v. McMillan, supra. He contended, however, that extenuating circumstances existed which were sufficient to warrant the granting by this court of his motion for leave to apply to the District Court for permission to appeal *in forma pauperis*, to wit: at the time he mailed to this court his motion for permission to appeal *in forma pauperis*, he had no counsel and was personally unfamiliar with the proper procedure; also, the delay by the Clerk of this court in returning to him, Gerringer, his motion for permission to appeal *in forma pauperis* had "prevented him from learning the proper procedure until the time for making use of it had lapsed." On March 31, 1953, the Government filed an opposition to the motion for leave to apply to the District Court for permission to appeal *in forma pauperis*. The Government urged that the Court of Appeals lacked jurisdiction to entertain the motion because Gerringer had not, within

4. At the time Waterman v. McMillan was decided, the statute applicable to proceedings *in forma pauperis* was 28 U.S. C. § 832 (1940). That statute provided that any citizen, upon filing the prescribed affidavit of poverty and as to the merits of his proposed appeal, "may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, *including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal is not taken in good faith*, without being required to prepay fees or costs. . . . " (Emphasis supplied) The presently applicable statute is 28 U.S.C. § 1915 (Supp.1952). It provides in part as follows: "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. . . . *An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.* . . . " (Emphasis supplied) Due to the substantial similarity of the two statutes, the procedure under the one presently in effect is identical with that outlined in Waterman v. McMillan. The courts have so announced. Cf. Higgins

v. Steele, 8 Cir., 1952, 195 F.2d 366, 369; Bernstein v. United States, 4 Cir., 195 F. 2d 517, certiorari denied, 1952, 343 U.S. 980, 72 S.Ct. 1081, 96 L.Ed. 1371; Newman v. United States, 1950, 87 U.S.App. D.C. 419, 184 F.2d 275, certiorari denied 1951, 340 U.S. 921, 71 S.Ct. 352, 95 L. Ed. 665; Wheeler v. Reid, 1948, 84 U.S. App.D.C. 180, 175 F.2d 829.

* * * The purpose of the statute is that the application to proceed in forma pauperis, accompanied by the affidavit, should promptly be made to the District Court, in the first instance, to enable that court, with its full and immediate knowledge of the facts, to determine whether the appeal has been taken in good faith, and if it reaches a contrary conclusion, to make its certificate accordingly. . . . If the District Court fails to act within a reasonable time, or if it denies the application to proceed in forma pauperis, and fails to certify that the appeal is not taken in good faith, then an application to proceed in forma pauperis may be made directly to this court. In any event, the applicant must show that the District Court has been given an opportunity to certify upon the question of good faith, and the action, if any, which it took. It is obvious that if anything less were required it would be possible for an applicant, by failing to give such opportunity, or by disregarding an adverse certificate of the District Court, to circumvent the requirement of the statute, and perhaps to defeat its salutary purpose. [135 F.2d at page 808]

5. In his motion for permission to appeal *in forma pauperis* Gerringer requested the appointment of counsel to represent him in this court.

the time prescribed by law,[6] "in any wise indicated to the District Court his intention to appeal." In support of that contention the Government cited Spengler v. Hughes Tool Co., 10 Cir., 1948, 169 F.2d 166, Lamb v. Shasta Oil Co., 5 Cir., 1945, 149 F.2d 729, and Tinkoff v. West Pub. Co., 7 Cir., 1943, 138 F.2d 607, certiorari denied 322 U.S. 740, 64 S.Ct. 1054, 88 L.Ed. 1574, rehearing denied, 1944, 322 U.S. 773, 64 S.Ct. 1282, 88 L. Ed. 1597.

Arguments in behalf of both parties on Gerringer's motion for leave to apply to the District Court for permission to appeal *in forma pauperis* and on the Government's opposition thereto were heard by this court on April 2, 1953. Thereafter Gerringer filed in this court a "Memorandum in Support of Oral Argument." Therein, relying principally upon statements quoted from the opinion in Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 2 Cir., 1946, 159 F.2d 163 (which statements are quoted infra in this opinion), he for the first time contended that by reason of the receipt by the Clerk of *this court* and by the United States Attorney, within 60 days of the entry of the order with respect to which permission to appeal *in forma pauperis* was sought, of his, Gerringer's, motion to appeal *in forma pauperis*, this court had acquired jurisdiction to entertain his motion for leave to apply to the District Court for permission to appeal *in forma pauperis*.

█ Although the Spengler, Lamb and Tinkoff decisions cited by the Government rule that the filing of a notice of appeal within the time prescribed by law is essential to the jurisdiction of the Court of Appeals, those decisions are not decisive of the question now before this court. In each of those cases the appellant had filed a notice of appeal in the proper court, *i. e.*, the District Court, and the only question to be

determined by the appellate court was whether or not a *late* filing of the notice of appeal in the District Court invested the Court of Appeals with jurisdiction to hear and determine the appeal. But in the instant case, Gerringer's motion for permission to appeal *in forma pauperis* from the order of October 13, 1953, was received by the Clerk of this court on or about December 6, 1952, thus well within the time (*i. e.*, 60 days from the entry of the order) within which an appeal must be taken. That motion was properly not stamped "filed" by the Clerk of this court on the date of its receipt because it did not conform, for the reasons above stated, with the rules of the court. But we think that Gerringer's lay unfamiliarity with the Rules of this court and the delay of the Clerk in returning the motion to Geringer until after the time for taking an appeal had expired are circumstances sufficiently extenuating to warrant this court's treatment of the motion as if it had been filed on the date of its original receipt by the Clerk and thus within the time for taking an appeal. Cf. Williams v. United States, 1951, 88 U.S.App.D.C. 212, 188 F.2d 41; Boykin v. Huff, 1941, 73 App. D.C. 378, 121 F.2d 865. If within that time Gerringer's motion for permission to appeal *in forma pauperis* had been filed with the District Court it would have adequately served as a notice of appeal. Shannon v. United States, D.C. Cir., 1953, 206 F.2d 479; Randolph v. Randolph, 1952, 91 U.S.App.D.C. 170, 171, fn. 4, 198 F.2d 956, 957, fn. 4.

The critical question before this court in the instant case is, therefore, whether or not the mere filing with *this court* within the time for taking an appeal, of a motion for permission to appeal *in forma pauperis*—which, if it had been filed within that time with the District Court, would have constituted an adequate notice of appeal—can, under the

---

6. An appeal from an order denying a motion under 28 U.S.C. § 2255 (Supp.1952) is governed by the civil rules applicable to appeals from final judgments in habeas corpus actions and is therefore timely when taken within 60 days after the date of entry of the order. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Mercado v. United States, 1 Cir., 1950, 183 F.2d 486.

circumstances of this case, serve as a notice of appeal sufficient to invest this court with jurisdiction to entertain a motion for leave to apply to the District Court for permission to appeal *in forma pauperis.* That is to say, while in each of the cases cited by the Government the Court of Appeals made a ruling with respect to the effect on its jurisdiction of the *late* filing of a notice of appeal with the *right* court, this court must now consider the effect on its jurisdiction of a *timely* filing of a notice of appeal, or its legal equivalent, with the *wrong* court.

The following decisions are pertinent: In Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 61 S.Ct. 331, 85 L. Ed. 364, the petitioners endeavored to take appeals from certain compensation orders entered by the District Court under former Section 77B of the Bankruptcy Act, 48 Stat. 912 (1934), 11 U.S.C.A. § 207, by filing notices of appeal in that court within the appeal period provided for by Section 25, sub. a, of that Act, 11 U.S.C.A. § 48, sub. a. In so doing, the petitioners relied upon the decision in London v. O'Dougherty, 2 Cir., 1939, 102 F.2d 524, ruling that appeals from such orders could be taken as a matter of right by filing notices of appeal in the District Court. While the appeals thus attempted were under advisement in the Court of Appeals, the Supreme Court decided Dickinson Industrial Site v. Cowan, 1940, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819, which ruled that appeals from all orders making or refusing to make allowances of compensation or reimbursement under Chapter X of the Chandler Act, 52 Stat. 840 (1938), 11 U.S.C.A. § 501 et seq., may be had only at the discretion of the Court of Appeals

on application for leave to appeal filed in that court. Some of the respondents in R. F. C. v. Prudence Group moved for dismissal of the appeals for want of jurisdiction, and all of the appeals were dismissed by the Court of Appeals, some on the motions of the respondents, and some by the court *sua sponte,* upon the ground that since the petitioners had not filed applications for leave to appeal in the Court of Appeals that court had no jurisdiction to allow the appeals. On certiorari the Supreme Court, reversing the judgment below, held that the Court of Appeals did have the power to allow the appeals. Mr. Justice Douglas spoke for the Court as follows:

> The procedure followed by petitioners was irregular. Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient. But the defect is not jurisdictional in the sense that it deprives the court of power to allow the appeal. The court has discretion, where the scope of review is not affected, to disregard such an irregularity in the interests of substantial justice. . . . In this case the effect of the procedural irregularity was not substantial. The scope of review was not altered. There was no question of the good faith of petitioners, or of dilatory tactics, or of frivolous appeals. Hence it would be extremely harsh to hold that petitioners were deprived of their right to have the court exercise its discretion on the allowance of their appeals by reason of their erroneous reliance upon the permanency of London v. O'Dougherty, supra. . . . The failure to comply with statutory requirements, however, is not necessarily a jurisdictional defect. Cf. Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988. [311 U.S. at pages 582–583, 61 S.Ct. at page 333, 85 L.Ed. 364.] [7]

Compare also State of California, Dept. of Employment v. Fred S. Renauld & Co., 9 Cir., 1950, 179 F.2d 605; Cohen v. Casey, 1 Cir., 1945, 152 F.2d 610; Ross v. Drybrough, 2 Cir., 1945, 152 F. 2d 427; Benitez v. Ferran's Estate, 1 Cir., 1944, 143 F.2d 435. In State of

**7.** Mr. Justice Reed and Mr. Justice Roberts concurred in the decision upon the separate ground, stated in an opinion written by Mr. Justice Reed, that although it was their opinion that "timely application to the circuit court of appeals for leave to appeal is a jurisdictional requirement," and that the practice followed in the case cannot be re-

duced to a "mere procedural irregularity," under the circumstances reversal of the judgment was justified by the Court's "broad power to make such disposition of the case as justice required," a power appropriate in rare instances "for curing even jurisdictional defects." (311 U. S. at page 583, 61 S.Ct. at page 333, 85 L.Ed. 364.)

California v. Fred S. Renauld & Co., the appellant sought by filing a notice of appeal in the District Court to take an appeal from an order of that court affirming an order of a referee in bankruptcy. Section 24(a) of the Chandler Act, 52 Stat. 854 (1938), 11 U.S.C.A. § 47(a) (1946), provides in part that "when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court." Because the order of the District Court sought to be reviewed involved less than $500 and the appellant had not applied to the Court of Appeals for leave to appeal, that court dismissed. Thereafter, the appellant filed in the Court of Appeals a petition for rehearing in which "exceptional circumstances" were, for the first time, urged. Those circumstances, it was argued, should move the Court of Appeals to consider the notice of appeal filed in the District Court as an informal substitute for the application to the Court of Appeals for leave to appeal. The exceptional circumstances claimed by the appellant were that a decision by the Court of Appeals on the merits of the appeal which involved the construction of a state statute would "rule the actions of California officials in this case and in many additional instances." The Court of Appeals, relying upon the decision in R. F. C. v. Prudence Group, supra, allowed the appeal, stating in its opinion that the circumstances which justified the court in considering the case on its merits were that "[i]n addition to the money herein involved it is apparent that the point for decision is of considerable importance to the state tax structure and of importance in relation to the federal bankruptcy act and its administration in the federal courts."[8] (179 F.2d at page 608.) In Federal Deposit Ins. Corp. v. Congrega-

tion Poiley Tzedeck, supra, relied upon by Gerringer, one of the questions before the Court of Appeals was whether or not the appeals by one Engel and Gingold and his wife, attempted to be taken by mere service of notices of appeal upon the appellee without filing them in *any* court, could stand in view of Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing that a party may appeal from a judgment by filing with the District Court a notice of appeal. In determining that question, the court, speaking through Judge Learned Hand, relied upon R. F. C. v. Prudence Group, supra, for the proposition, as stated by Judge Hand, that "the failure to make timely application in the circuit court of appeals for leave to appeal—which was a condition upon appealing from the order then in question—was not fatal to the appeal in a case where the appellants had filed notices of appeal in the district court . . ." and "the appellants' mistake had been extremely excusable . . . ." In the case before the court, Engel and Gingold offered no excuse whatever except that, to quote Judge Hand, "they were following New York practice, which requires notice of appeal to be both filed and served and with which, therefore, they incidentally did not comply. * * * "[9] Judge Hand then said:

Besides, we think that, even were it a much better excuse than in fact it is, *some paper must be filed in at least one court or the other, to constitute a notice of appeal under Rule 73(a);* and that a transaction in pais between the parties, of which no record is made in *either* court, will not serve. More is at stake than informing the appellee that the appellant is not content with the judgment. The courts themselves ought to be able to learn with assurance when the cause has been transferred, for their power to act depends upon that event. . . . The least requirement, which will be tolerable, is that some paper shall be accessible in the records of a court upon which both judges and parties can rely. . . . The appeals of Engel and of

8. In a footnote at that point, the court said: "That we are here concerned with a statutory provision written into California law verbatim from a federal statute is a further inducement for our consideration of the case on its merits. See I.R.C. § 1607(b) (1), 26 U.S.C.A. § 1607

(b) (1). Apparently no federal court has had occasion to construe the federal statute in these circumstances." (179 F.2d at page 608.)

9. Judge Hand there cited, in footnote, Civil Practice Act, § 562.

Gingold and his wife are dismissed. [159 F. 2d at page 166] [Emphasis supplied]

In each, of two cases decided by this Court of Appeals, Societe Internationale, etc. v. McGrath, 1950, 86 U.S.App.D.C. 157, 180 F.2d 406, and In re Leigh, 1943, 78 U.S.App.D.C. 261, 139 F.2d 386, the petitioner-appellant petitioned this Court of Appeals for the allowance of a "special appeal" pursuant to D.C.Code, § 17-101 (1940), notwithstanding that the order sought to be reviewed in the Societe Internationale case was appealable as of right under 28 U.S.C. § 1292(1) and that the order in the Leigh case was appealable as of right under § 24(a) of the Chandler Act, 52 Stat. 854 (1938), 11 U.S.C. § 47(a) (1946). That being so, the appeal should have been taken by filing a notice of appeal with the District Court. Although in each of those cases the petitioner-appellant had not followed the proper practice, this court, in the interest of justice, treated the petition for allowance of a special appeal as perfecting an appeal as of right.

■■ The authorities above discussed justify this court in entertaining both of Gerringer's motions, notwithstanding that the motion for permission to appeal in forma pauperis was filed in the Court of Appeals rather than in the District Court. Gerringer's procedure was irregular. Normally the court is justified in not considering a motion for permission to appeal in forma pauperis and subsequent papers filed in this court, in the absence of a motion for leave to appeal in forma pauperis previously filed in the District Court. But the defect is not jurisdictional, i. e., it does not deprive this court of power to allow Gerringer to apply to the District Court for leave to appeal in forma pauperis and to direct that court to consider such an application as if it had been filed within the time prescribed by law. Under the authorities cited, this court has discretion, where substantial rights of an opposing party are not affected, to disregard such an irregularity in the interests of substantial justice. In this case, the effect of the procedural irregularity is not substantial. The motion for permission to appeal in forma pauperis, constituting a notice of petitioner's intention to appeal, was filed with a court within the time prescribed by law for taking an appeal and thus "[t]he least requirement, which will be tolerable," namely, "that some paper shall be accessible in the records of a court upon which both judges and parties can rely," (159 F.2d at page 166) has been complied with. Gerringer's procedural error has not been prejudicial to the Government. There is no contention made that Gerringer did not act in good faith or that his tactics were dilatory or that the appeal is frivolous. In view of the fact that Gerringer, an indigent layman, not represented by counsel, unequivocally notified this court, within the statutory time for taking an appeal, of his desire and purpose to appeal in forma pauperis, it would be unduly harsh to rule that he was deprived, by reason of his personal unfamiliarity with the correct procedure, of a right to have the District Court exercise its discretion as to the allowance of an appeal in forma pauperis.

In accordance with the foregoing: Gerringer's motion for permission to appeal in forma pauperis will be denied upon the ground that no application has been made by him in the District Court for leave to appeal in forma pauperis as required by Waterman v. McMillan, supra. Gerringer's motion for leave to apply to the District Court for permission to appeal in forma pauperis will be granted. Gerringer will be allowed ten days in which to make application to the District Court for leave to appeal in forma pauperis, and the District Court will be directed to consider such an application, if filed within ten days, as if it had been filed within the time prescribed by law.

On Petition for Reconsideration

Before STEPHENS, Chief Judge, and BAZELON, Circuit Judge.

STEPHENS, Chief Judge.

The Government petitions for reconsideration of this court's order and opinion of March 15, 1954, relying principally upon Matton Steamboat Co. v. Murphy (1943) 319 U.S. 412, 63 S.Ct. 1126, 87 L.Ed. 1483. That case involved an attempted appeal to the Supreme Court of the United States from a state court of last resort. By statute, 28 U.S.C. 350 [1], an application for allowance of appeal was required to be made within three months after entry of the judgment or decree of the state court. By Supreme Court Rule 36, 28 U.S.C., such an application could be allowed "by the chief justice or presiding judge of the state court, or by a justice of this Court." A timely application to the chief judge of the state court was made, but denied. Later, an application was made to a justice of the Supreme Court, but that was after the three-month period had expired. The Supreme Court ruled that it was without power to allow the later application. This timely filing in, but denial by, the chief judge of the state court of an application for the allowance of an appeal, followed by an untimely application to a justice of the Supreme Court alternatively available as an agent for the allowance of an appeal, with no facts or circumstances shown excusing the tardiness of the second application, does not parallel the instant case. Therein Gerringer's motion for permission to appeal *in forma pauperis* was filed in this Court of Appeals within the period prescribed for the taking of an appeal; therein also facts and circumstances exist which, under the authorities we cite, warrant this court's—in the exercise of discretion—disregarding, in the interest of substantial justice, the irregularity of filing in the wrong court the motion for permission to appeal *in forma pauperis*. We remain of the view that the irregularity was not jurisdictional in the sense that it deprived the court of power to allow the appeal.

It may be noted also that the order of this court allowing Gerringer ten days in which to make application to the District Court for leave to appeal *in forma pauperis* was acted upon by Gerringer by application to the District Court, which denied it before the filing of the present petition for reconsideration. The order of this court was entered March 15, 1954, Gerringer filed his application in the District Court on March 25, and it was denied on that date. The Government's petition for reconsideration was filed in this court on April 14.

The petition for reconsideration is

Denied.

1. Now 28 U.S.C. § 2101.