**UNITED STATES of America,**
**Appellee,**

v.

**Charles Leo FARLEY, Defendant-**
**Appellant.**

United States Court of Appeals
Second Circuit.

Presented Oct. 1, 1956.

Decided Nov. 9, 1956.

Before FRANK, MEDINA, and HINCKS, Circuit Judges.

PER CURIAM.

The appellant's motion to the trial court for leave to appeal *forma pauperis* was denied on July 30, 1956 by a written memorandum of the trial judge who therein certified that the appellant had failed "to show merit" in his appeal.

This was not sufficient to bring the certificate within 28 U.S.C.A. § 1915(a), par. 2, which provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in *good faith.*" (Emphasis supplied.)

 Generally an application for leave to appeal *in forma pauperis* will have sufficient substance to warrant consideration only if, in addition to an adequate showing of indigence and of citizenship, it identifies with reasonable particularity the claimed errors which will be the basis for the appeal. If these requirements are satisfied, and if on consideration the trial judge is conscientiously "convinced that there is no substantial question for review and that an appeal will be futile," Higgins v. Steele, 8 Cir., 195 F.2d 366, 369, or if he is convinced that there is no "reasonable basis" for the claims of alleged error, Wheeler v. Reid, 84 U.S.App.D.C. 180, 175 F.2d 829, it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith. If all other requisites are satisfied and the trial judge in good conscience cannot certify bad faith, he should grant the application, at least unless some extraordinary feature warrants a denial.

 An intermediate situation, however, may arise in which the applicant suggests claims of error stated only in such generality as to preclude an intelligent ruling. When this occurs, the trial judge may properly deny the application but withhold a certificate of bad faith which will necessarily circumscribe the applicant's rights. Such a disposition leaves to the applicant a right within a reasonable period to supplement his application to the trial court by further particulars. We think the instant case is one falling into this intermediate situation. The application as presented to the trial court contained some claims of error so lacking in particularity that the judge could rightly deny the application and yet withhold a certificate of bad faith.

The effect of the disposition below is to leave this court with untrammeled jurisdiction under § 1915(a), par. 1, in its discretion to deal with the motion now presented. Wheeler v. Reid, supra. And doubtless in the exercise of our jurisdiction we may give appropriate consideration to the disposition of the application below although, of course, we are not concluded thereby. This motion, however, contains several claims of error not raised in the application below. They are as follows: (1) The district attorney was allowed "to accuse the defendant in open court of a crime committed months after the charge in the indictment"; (2) the admission into evidence of "clothes not belonging to, nor connected to the defendant"; (3) the refusal to allow the defendant "to try on for size clothes allegedly belonging to the robber, before the jury." We hold that we should not attempt to pass upon these claims for their sufficiency to warrant allowance of an appeal *in forma pauperis* until an opportunity has been afforded to the trial court to decide whether they are pressed in good faith. Waterman v. McMillan, 77 U.S.App.D.C. 310, 135 F.2d 807, certiorari denied 322 U.S. 749, 64 S.Ct. 1160, 88 L.Ed. 1599, rehearing denied 323 U.S. 812, 65 S.Ct. 30, 89 L.Ed. 647; Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346; Kyle v. United States, 9 Cir., 199 F.2d 756. Accordingly we now deny the pending motion, but with leave to the appellant within thirty days to renew his application below enlarged to include these specified claims of error. If, on such a renewed application below, the judge shall again deny the application without a certificate of bad faith, the appellant may renew his application here.

At this stage, we will also observe that the claim of error, now made before us, of "refusing to charge the jury as the defendant requested" is so lacking in particularity as to preclude consideration. This claim of error seems not to have been expressly dealt with in the judge's memorandum below, perhaps because there not presented with the requisite

particularity. This claim also, in addition to all others on which the appellant relies, may be included in any renewal of the application made below.

Meanwhile, the appellant's time to docket the record on appeal may be extended to January 2, 1957.

Ordered accordingly.

FRANK, Circuit Judge (dissenting in part).

Although I think we need not do so, I see no good reason why, before deciding the motion, we should not obtain the views of the trial judge. Consequently, I concur in allowing the defendant to renew his application, for leave to appeal in *forma pauperis*, to the trial judge.

However, my colleagues' disposition of the matter is fraught with difficulties for the defendant. My colleagues say that the trial judge should certify that the appeal is not taken in good faith unless the defendant (in addition to showing his indigence and that he is a citizen) in his renewed application "identifies with reasonable particularity the claimed errors which will be the basis for the appeal." It is highly likely that the defendant, not a lawyer, will not be able to comply with that requirement if he is not aided by counsel. For reasons stated in my dissenting opinion in United States v. Johnson, 2 Cir., 238 F.2d 565 decided today, I think that we should appoint such counsel or direct the trial judge to do so, and that such counsel should assist the defendant from here on until (a) defendant's application for leave to appeal in *forma pauperis* is finally decided and (b) in the conduct of his appeal if that application should be granted.

Moreover, from my colleagues' opinion in the instant case and their opinion in U. S. v. Johnson, it seems clear that my colleagues conclude as follows: Should the district judge, on the renewed application, issue a certificate of "bad faith," we would permit defendant to appeal in *forma pauperis* only if he showed that the district judge's certificate was itself " 'without warrant or not in good faith' "; but, even so, we and the district judge would be obliged to deny defendant what may well be the sole means of so showing, i. e., a transcript of the trial proceedings or its equivalent. With that conclusion I disagree.

In sum, I think the defendant should have the assistance of court-appointed counsel in preparing his renewed application and that, in aid of such preparation, either (1) the defendant should be furnished a transcript gratis or (2) his counsel should assist him in obtaining a statement of the trial proceedings, in the manner explained in my dissenting opinion in U. S. v. Johnson; also, if the district judge issues a "bad faith" certificate, such counsel should assist defendant in again applying to this court.