**UNITED STATES of America,**
**Appellee,**

v.

**James BRANCH, Defendant-Appellant.**

United States Court of Appeals
Second Circuit.

Presented Oct. 1, 1956.
Decided Nov. 9, 1956.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

This motion relates to an appeal from Judge Murphy's denial of the petitioner's motion to vacate sentence, etc., brought under 28 U.S.C.A. § 2255. The petitioner has filed a notice of appeal and seems willing to pay the fees necessary to docket that appeal. The petitioner by this motion requests only

(1) an extension of time to file the record on appeal,

(2) permission to be heard on typewritten record and briefs, and

(3) a copy, at Government expense, "of the transcript of record, if record is necessary and essential to the appellant so as to enable him to properly prepare his brief on appeal [*sic*]."

The relief sought under (1) and (2) above is granted.

To obtain the relief sought in (3) above, the appellant must receive permission to proceed in *forma pauperis*. 28 U.S.C.A. § 1915. No application was made to the trial judge for such permission. On that account, the motion is denied. See our Per Curiam order in United States v. Farley, 2 Cir., 238 F. 2d 575. This disposition is also required since the relief now sought of this court is too vaguely stated to permit of consideration.

However, the appellant may have leave within thirty days to apply to the trial court for enlargement of the record below. The application, if made, should of course satisfy the requirements of 28 U.S.C.A. § 1915; should specify each ground on which his appeal will be based; and should also designate each record or part thereof deemed necessary to support each ground of appeal. Otherwise, the trial judge will not be in a position to pass upon the application.

In the event that the relief sought in *forma pauperis* is denied below without a certificate that the appeal is not taken in good faith pursuant to 28 U.S.C.A. § 1915(a), the appellant may present to this court the application made and denied below.

Meanwhile, the time for docketing the record is extended to January 2, 1957.

Ordered accordingly.

FRANK, Circuit Judge (dissenting).

I agree that we should allow defendant to apply, in the first instance, to the trial judge for leave to appeal in *forma pauperis*.

However, if it turns out (as seems probable) that defendant cannot afford to buy a transcript, he may find it difficult (unless he obtains the equivalent of a transcript) to designate the parts of the record "necessary to support each ground of appeal."

If it should be necessary for defendant to refer to the proceedings at the trial, he can obtain the equivalent of a transcript—i. e., a statement of the trial proceedings—in the manner described in my dissenting opinion in United States v. Johnson, 2 Cir., 238 F.2d 565, decided today. But (1) thirty days may be insufficient for that purpose; and (2) ei-

ther we or the trial judge should, if defendant is impoverished, appoint a lawyer to help him prepare the statement of the trial proceedings, and his application for permission to appeal in *forma pauperis*, and to present to us a further application if the trial judge should deny defendant leave to appeal in *forma pauperis*.