Robert C. BUFFKIN, Appellant,

v.

ALUM-CO NATIONAL, INC., et al.,
Appellees.

No. 17048.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 20, 1962.

Decided Feb. 28, 1963.

Mr. H. Edward Chozick, Washington, D. C., for appellant.

No brief was filed and no appearance was entered for appellees.

Before BAZELON, Chief Judge, and FAHY and BURGER, Circuit Judges.

BAZELON, Chief Judge.

Appellant commenced this civil suit in the United States District Court for the District of Columbia against appellees Browne (a resident of Ohio) and Alum-Co National, Inc. (an Ohio corporation). Browne was personally served with process, individually and as president of Alum-Co, while he was in the District of Columbia in response to the following letter which he had received in Cleveland from the office of the United States Attorney for the District of Columbia:

"A criminal complaint has been made to this office. You are therefore directed to appear at 10:00 A.M. on October 13, 1961, in [the] U. S. District Court House * * *, Washington, D. C., before an Assistant United States Attorney con-

cerning this complaint. FAILURE TO APPEAR MAY RESULT IN A WARRANT FOR YOUR ARREST."

Appellees moved to quash the service on the ground that Browne was immune from process by virtue of D.C.Code § 23–804(a) (1961). The District Court granted the motion and entered final judgment in favor of the appellees.

The only issue in this appeal is whether the court erred in quashing service.[1] D.C.Code § 23–804(a) provides:

"If a person comes into the District of Columbia *in obedience to a summons* directing him to attend and testify in the District of Columbia he shall not while in the District of Columbia pursuant to such summons be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into the District of Columbia under the summons." [Emphasis supplied.]

The word "summons," italicized above, is defined in § 23–801 as including "a subpena, order, or other notice requiring the appearance of a witness."

■ Appellant contends that the statute is inapplicable because the letter of the United States Attorney's office was not a "summons" within the meaning of the statute. We agree.

Section 23–804(a) is part of the Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings, 9 Uniform Laws Annotated 91, adopted in the District of Columbia in 1952, D.C.Code §§ 23–801—804 (1961).[2] Section 23–802 of the Act provides procedures whereby a District of Columbia court may aid a state court to compel witnesses from the District to testify in state criminal proceedings. Section 23–803 provides corresponding procedures whereby a court of the District may enlist the aid of a state court to compel the attendance here of witnesses who are in the state. In either situation, it is the power of a court of the delivering jurisdiction which compels the witness to attend the proceeding in the requesting jurisdiction.[3] Section 23–804, which contains the immunity provisions, must be read in the light of the clearly limited purpose of the Act in which it appears. Thus the immunity of § 23–804(a) applies only to witnesses coming into the District pursuant to the provisions of § 23–803 and the "summons" referred to in § 23–804(a) must be the summons of a court in the delivering jurisdiction. Moreover §§ 23–802 and 803 are limited

1. The record discloses the notice of appeal herein, under 28 U.S.C. § 1291, was not filed until more than thirty days after entry of the final judgment. Fed.R. Civ.P. 73(a); 28 U.S.C. § 2107.

It appears, however, that the District Court's order, in addition to and inconsistently with the entry of final judgment, contained a certification under 28 U.S.C. § 1292(b) upon which appellant requested leave to appeal from an interlocutory order. We denied the request "without prejudice to the taking of an appeal under [28 U.S.C. § 1291], but without any expression of opinion as to whether such an appeal, would be timely."

The legal issue for decision in the present appeal is the same as that raised in appellant's unsuccessful application under § 1292(b). That application was timely and put appellees on notice that appellant intended to challenge in this court the quash order of the court below. Appellees do not appear to have been misled or prejudiced in any way. We conclude that appellant's reliance on the District Court's § 1292(b) certification should not prejudice his right to appeal from the final judgment, and that the present appeal is timely. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L. Ed.2d 222 (1962); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); cf. Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346 (1954); In re Leigh, 78 U.S.App.D.C. 261, 139 F.2d 386 (1943).

2. The Act is reciprocal and has been adopted in 48 other jurisdictions. 9 Uniform Laws Annotated (Cum.Supp.1962) 41.

3. See People of State of New York v. O'Neill, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed. 2d 585 (1959).

98

by their terms to criminal prosecutions pending in courts and grand jury investigations commenced or about to commence; we think that § 23–804(a) must be similarly limited.

Clearly the letter from the United States Attorney's office requesting Browne to appear in the District of Columbia was not a "summons" within the meaning of § 23–804(a), and did not require his presence in court or before a grand jury.

■ We also think that immunity cannot be rested on the common law rule that non-resident " 'witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another * * *.' " Greene v. Weatherington, 112 U.S.App.D.C. 241, 301 F.2d 565 (1962) (quoting Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720

(1932)). "[T]he principal reason for the immunity, namely, [is] to encourage voluntary cooperation with judicial administration * * *," and the rule is " 'founded, not upon the convenience of the individuals, but of the court itself.' " *Ibid.* Accordingly, we have never held that immunity is available to persons voluntarily cooperating in other than *judicial* proceedings.[4] Although it may be said that Browne came to the Disrtict of Columbia voluntarily,[5] it cannot be said that the investigatory proceeding he attended in the office of the United States Attorney was a "judicial" proceeding. Its purpose was not to adjudicate rights or to exercise any other judicial function. Since appellees did not appear in this appeal, we are not presented with any argument for extending the scope of immunity under the common law rule.

Reversed and remanded.

4. Engle v. Manchester, 46 App.D.C. 220 (1917), where immunity was allowed to a witness in a Patent Office proceeding, is not to the contrary since the court characterized the proceeding as "judicial in its nature * * *."

5. Appellant has consistently maintained, both here and in the court below, that Browne's appearance was voluntary.