120 N.J. Super. 79 (1972)
293 A.2d 404
IN THE MATTER OF LAWRENCE J. SCHULER CHARGED WITH CONTEMPT OF COURT.
Superior Court of New Jersey, Appellate Division.
Argued June 20, 1972.
Decided July 13, 1972.
*80 Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Mr. Carl F. Schaefer argued the cause for appellant (Mr. Louis Zemel, attorney).
Mr. Ralph J. Jabbour, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
Pursuant to leave granted defendant Lawrence J. Schuler appeals from the denial of his motion to vacate and set aside his arrest for failure to comply with an order of the Essex County Juvenile and Domestic Relations Court.
To the extent here pertinent the facts briefly are as follows. Plaintiff and defendant were husband and wife. On January 16, 1971 plaintiff filed a complaint in the Essex County Juvenile and Domestic Relations Court seeking support for herself and her three children. On February 13, 1971 defendant, reciting New Jersey as his residence, instituted an action in the Chancery Division for divorce. His wife filed an answer and counterclaim.
*81 On August 1, 1971 defendant took his three children to Florida, ostensibly to visit his mother. When defendant returned to New Jersey some three weeks later without the children a warrant for his arrest awaited him for his failure to appear at a hearing in the Juvenile and Domestic Relations Court scheduled for August 19, 1971. Eventually an order dated September 3, 1971 was entered in that court (consented to by him) which required him to return the children to his wife by September 6, 1971 and to make certain payments toward support. The order fixed September 13, 1971 as the (peremptory) hearing date and he was paroled in the custody of his attorney until that date.
When defendant failed either to return the children to New Jersey or to appear on September 13, 1971, an order was issued for his arrest for contempt of court.
The divorce action instituted by defendant was scheduled for trial on October 27, 1971. Prior to the commencement of the trial and while defendant was in attendance at court with his attorney the arrest warrant was served. He was held in $1,000 bail for a hearing on November 1, 1971.
At the November 1 hearing defendant urged that he had become a resident of Florida and was immune from arrest. The court was not impressed and fixed bail in the sum of $500 pending a hearing before another judge pursuant to R. 1:10, on the merits of the contempt charge.
Defendant raises two points: (1) a person who comes into this State voluntarily in obedience to a subpoena is exempt from arrest, (2) a nonresident who comes into the State as a litigant in a civil action is likewise exempt.
In support of his first point defendant relies upon N.J.S.A. 2A:81-21 which provides, in pertinent part:
If a person comes into this state in obedience to a summons directing him to attend and testify in this state he shall not, while in this state pursuant to such summons, be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this state under the summons.
*82 The cited provision was first enacted as a portion of L. 1941, c. 88 entitled a "Uniform Act to secure the attendance of witnesses from within or without the state in criminal proceedings." See R.S. 2:97-27 to 33. That act is now embodied in N.J.S.A. 2A:81-18 through 2A:81-23. These six sections are to be construed together. N.J.S.A. 2A:81-20 provides the mechanism for summoning out-of-State witnesses to testify in criminal prosecutions or grand jury investigations in this State. Florida, of which defendant now claims to be a resident, has enacted a similar uniform act. F.S.A. §§ 942.01-942.06. The general procedure to be followed should a state seek to procure the attendance of an out-of-state witness under the authority of the uniform act is found in the opinion of Justice Frankfurter in New York v. O'Neill, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959) where, in dealing with the Florida Act, he stated:
The judge of the court of the requesting State files in any court of record in the State in which the witness may be found a certificate stating the necessity of the appearance of such witness in a criminal prosecution or grand jury investigation in the requesting State. The certificate must also state the number of days the witness would be required to attend. Upon receipt of such a certificate a hearing is held by the court in which it is filed. In the hearing, at which under the Florida Act the witness is entitled to counsel, the court which received this certificate is obliged to determine whether an order to attend the prosecution or grand jury investigation in the requesting State would comply with conditions set forth in the statute: that the witness is material and necessary; that the trip to the requesting State would not involve undue hardship to the witness; that the laws of the requesting State and States through which the witness must travel grant him immunity from arrest and the service of civil and criminal process. Furthermore, the statute provides that the witness must be tendered ten cents a mile for each mile to and from the requesting State and five dollars for each day that he is required to travel and attend as a witness. Under the statute the order of the forwarding State to the witness may take two forms: first, the court may issue a summons directing the witness to attend and testify in the requesting State; second, if the certificate of the requesting State so recommends, and if the recommendation is found to be desirable by the court of the forwarding State, the court may immediately deliver the witness to an officer of the requesting State. (359 U.S. at 4-5, 79 S.Ct. at 567-568)
*83 In the absence of compliance with the procedure prescribed by N.J.S.A. 2A:81-20 the exemption from arrest and service of process afforded by N.J.S.A. 2A:81-21 does not exist.
Here it is conceded that the statutory procedure was not followed. The "subpoena" on which defendant relies amounted to no more than a letter or written request from someone in the prosecutor's office that he come to New Jersey to testify in a criminal case which had been initiated by his complaint. It clearly was of no force and effect. Only the power of the court in the delivering jurisdiction (here Florida) could have compelled him to attend the trial here. Buffkin v. Alum-Co. National, Inc., 118 U.S. App. D.C. 22, 331 F.2d 96, 97 (1963); cf. In re Saperstein, 30 N.J. Super. 373 (App. Div. 1954), certif. den. 15 N.J. 613 (1954), cert. den. 348 U.S. 874, 75 S.Ct. 110, 99 L.Ed. 688 (1954). Since defendant's reentry into New Jersey on or about October 26, 1971 was voluntary rather than pursuant to the provisions of N.J.S.A. 2A:81-20 the statutory immunity afforded by N.J.S.A. 2A:81-21 was unavailable to him. See State v. Seefeldt, 51 N.J. 472, 492 (1968); Buffkin v. Alum-Co. National, Inc., supra; State v. Brown, 35 Wash.2d 379, 213 P.2d 305 (Sup. Ct. 1949).
We need not reach the question of whether the alleged agreement between some unnamed person in the prosecutor's office and defendant's attorney that defendant would have immunity from arrest if he came to New Jersey to testify conferred exemption from arrest upon him, in view of the total absence of any evidence by way of affidavit or otherwise to support the existence of such an arrangement and the authority of the person alleged to have made it.
Defendant's second point is likewise without merit. As noted, his suit for divorce was scheduled for trial on October 27, 1971 and he contends that as a party to that civil suit he was exempt from arrest while attending the trial. See Halsey v. Stewart, 4 N.J.L. 366 (reprint 426) (Sup. Ct. 1817). The State resists defendant's claim on *84 the ground that (1) the exemption from arrest does not apply to criminal warrants, Wangler v. Harvey, 41 N.J. 277, 280 (1963), and (2) the exemption does not cover a party who comes into this State to prosecute his own cause of action or resist a counterclaim filed in his own suit.
We are in accord that, regardless of whether the warrant was criminal or civil, defendant was not exempt from arrest. Here, prior to the time he claims to have taken up residence in Florida, defendant instituted an action whose purpose was to sever the bonds of matrimony between him and plaintiff and settle the issues of support and custody of the children of the marriage. He did this in the face of the fact that he had willfully disregarded the terms of the order of the Juvenile and Domestic Relations Court that he return the children, and had failed to appear on the day the matter was set down for hearing in that court. Having continued to make use of the New Jersey courts to secure his aforementioned objectives until the day of his arrest,[1] defendant was not entitled to the immunity referred to in Halsey v. Stewart, supra, but remained subject to arrest for his alleged contumacious conduct in the related proceedings in the Juvenile and Domestic Relations Court. Korff v. G & G Corp., 21 N.J. 558, 563, 568 (1956). See also Wangler v. Harvey, supra, at 284; Grober v. Kahn, 76 N.J. Super. 252, 254-255 (Ch. Div. 1962).
Affirmed.
NOTES
[1] At the hearing on that date a divorce without alimony was granted on the wife's counterclaim (the complaint having been withdrawn at trial); he obtained custody of the two eldest children and was required only to pay $25 per week for the support of the youngest child.